366

SPENCER, Plaintiff-Appellee, v. BOARD OF ZONING
APPEALS OF PERRY TOWNSHIP, Defendant-Appellant.

Ohio Appeals, Fifth District, Stark County.

No. 2891. Decided May 16, 1960.

Mr. Frank Lucas, for plaintiff-appellee.

Mr. Norman J. Putnam, prosecuting attorney, and Mr
Jacob F. Hess, Jr., assistant prosecuting attorney, for defend-
ant-appellant.

For further history see *Omnibus Index* in bound volume.

PUTNAM, P. J.   Spencer was denied a building permit by the Zoning Administrative Officer of Perry Township. She perfected an appeal to the Township Board of Zoning Appeals under Section 519.15, Revised Code. The Board confirmed the decision of the officer. Thereupon an appeal was taken by Spencer to the Common Pleas Court as provided by Section 506.01, Revised Code. In the Common Pleas Court the decision of the Board of Zoning Appeals was reversed and judgment entered for Spencer. The Board of Zoning Appeals filed an appeal to this court. Spencer has filed a motion to dismiss the appeal on two grounds and the cause is now before this court on the motion to dismiss.

The grounds of the motion are:

1. A township board of zoning appeals has no right of appeal from the order of a court reversing the decision of such board of zoning appeals.

2. The Court of Appeals has no jurisdiction of the attempted appeal of defendant-appellant since the notice of appeal was filed more than 20 days after the judgment entry of the Common Pleas Court.

The first ground is predicated upon the holding of the Supreme Court in the case of *DiCillo & Sons* v. *Board*, 158 Ohio St., 302. The opposition claims that this decision is obsolete because of the enactment thereafter of Sections 2506.01-04, Revised Code, wherein it is provided "the judgment of the court may be appealed by any party on questions of law pursuant to Sections 2505.01 to 2505.45, inclusive, Revised Code."

The second ground is predicated upon the fact that after the judgment of the Common Pleas Court was rendered a motion for a new trial was filed and while the notice of appeal to this court was filed within twenty days of the ruling on the motion for a new trial, it was not within twenty days from the date of the decision. The question here presented is as to

whether or not a motion for a new trial is authorized and that depends on whether or not the appeal of the Common Pleas Court provides for a trial de nova.

We will discuss these contentions together. In such appeals as in this case, even prior to the enactment of Sections 2506.01-04, Revised Code, the Supreme Court held in the DiCillo case supra that the appellate procedure act (Section 12226 et seq, General Code), controlled rather than the Administrative Procedure Act (Section 154-61 et seq, General Code; Section 119.01 et seq, Revised Code). Since this section, Section 2506.01, Revised Code, specifically provides that Section 2505.01, Revised Code, controls the appeal there can now be no doubt on this proposition. Section 2505.04, Revised Code, provides in part:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission."

Section 2505.05, Revised Code, provides:

"The notice of appeal required by Section 2505.04, Revised Code, shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the *adverse party, the appellee,* and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the appellate court for good cause shown." (Emphasis by writer.)

Section 519.14, Revised Code, in the last paragraph thereof states:

"In exercising the above-mentioned powers, such board may, in conformity with such sections, reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from, and may make such order, requirement, decision, or determination as ought to be made, and to that end shall have *all powers of the officer from whom the appeal is taken.*" (Emphasis by writer.)

In the DiCillo case supra the first paragraph of that opinion it is stated:

"The ultimate question to be determined on this motion

is whether a township board of zoning appeals or any of its members as such have any right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that decision. If they do not, the motion must be sustained.''

The gist of the reasoning in that case as set forth on pages 304 and 305 of that opinion is:

''In an appeal to the board of zoning appeals, the board does not become a party to that appeal. Its powers, as specified in Section 3180-38, General Code, are 'to hear and decide appeals' and 'to authorize, upon appeal, in specific cases * * * variance from the terms of the zoning resolution * * *.' The legislative provisions for such a board are entirely inconsistent with any idea that the board or its members as such should be considered as persons 'aggrieved' or 'affected by any decision of the administrative officer' from which an appeal is taken, as parties interested in what decision should be rendered by them on the appeal, or as parties who might be 'adversely affected' by any decision they might render. See *Ohio Contract Carriers Assn. Inc.,* v. *Public Utilities Commission,* 140 Ohio St., 160, 42 N. E. (2d), 758. That legislation apparently contemplates that the board should be as disinterested in deciding matters brought before it as a court should be.''

If we should consider the administrative procedural act (Sections 119.11 and 119.12, Revised Code), as applicable, they only provide for an appeal by a party adversely affected.

It follows from the above statutes and authority that in zoning cases in an appeal to the zoning board of appeals, the only party adversely affected is the one whose permit is denied. Here, in this court, the adverse party is the administrative officer. The zoning board of appeals is not and cannot be a party. In an appeal from the zoning board of appeals the aggrieved party may be either the one whose permit was denied or the administrative officer, depending on what the decision of the zoning board of appeals would be in the particular case. In this appeal, the zoning board of appeals is not and cannot be a party. Under the appellate procedure act the only requisite for an appeal is to file seasonably a proper notice of appeal with ''the lower court, tribunal, officer or commission.'' In

the instant case this was done by filing the same with the board of zoning appeals. In the board of zoning appeals this case had nothing but a number. No evidence was taken and only argument of counsel of Spencer was had. The notice of appeal filed with the zoning board of appeals is as follows:

"STATE OF OHIO     THE BOARD OF ZONING APPEALS
         SS:        OF PERRY TOWNSHIP
STARK COUNTY

Case. No. 10-59-A

LORETTA B. SPENCER,
223 Whipple Road N. W.
Canton, Ohio
      Plaintiff-Appellant
    -vs-
THE BOARD OF ZONING        NOTICE OF APPEAL
APPEALS OF PERRY TOWNSHIP
Room 213—McClymonds Bldg.,
50 Erie Street North
Massillon, Ohio
      Defendant-Appellee

"Now comes the above named plaintiff-appellant herein and hereby gives notice of appeal to the Court of Common Pleas of Stark County, Ohio from a final judgment rendered by the Board of Zoning Appeals of Perry Township in the above entitled cause on June 9, 1959.

"Said appeal is on questions of law and fact.

Frank Lucas
————————————————
Attorney for Plaintiff-Appellant"

A similar notice of appeal was filed in the Common Pleas Court except that it had a Common Pleas Court number. However, the fact that Spencer made a wrong designation of the Board of Zoning Appeals as defendant-appellee did not and cannot make it a party to this action when the law is plain that it cannot be such a party. The proper style of the case in the Common Pleas Court should have been either (1) *In Re Appeal of Spencer from the Board of Zoning Appeals of Perry Township*, Case No. 10-59-A or (2) *Spencer v.*            , *administrative officer of Perry Township Zoning Appeals Com-*

*mission.* There is no requirement of any statute that the notice of appeal be given to the administrative officer.

The question arises in our mind: Should the plaintiff Spencer be now estopped to question the status of the Board of Zoning Appeals in this case since she was the one who made the Board of Zoning Appeals a defendant herein? Perhaps in equity this question might arise. However, one who is not a proper party to a suit cannot be made one either by consent or mistake. Of course, the matter should have been corrected before the trial in the Common Pleas Court but through oversight or ignorance of the law it was not done. The fact that Section 2506.04, Revised Code, provides that *any party* may appeal does not change the situation if the party attempting to appeal was not a proper party to the action. It follows that the appeal to this court must be dismissed on the first ground of the motion.

As to the second ground of the motion the same is overruled. The notice of appeal states that the same is upon law and fact. Spencer pursued that theory in the Common Pleas Court and called witnesses to testify to matters not testified to before the Board of Zoning Appeals. Under Section 2506.03, Revised Code, the trial in the Common Pleas Court is a civil action but additional testimony may be presented under certain conditions which were herein applicable. While not all trials upon such appeals are trials de nova, this one comes within that category. Consequently, the notice of appeal was timely filed.

This ground of the motion to dismiss is overruled.

In conclusion we venture to state that while the proposition is not before us, we have read the opinion of the Common Pleas Court Judge which is detailed and thorough and if the cause should come before us on the merits we would hesitate to disturb the same.

The motion to dismiss the appeal is sustained.

McLaughlin, J., concurs.
McClintock, J., dissents.