WILLIAMS, TRUSTEE, APPELLANT, *v.* GLOBAL CONSTRUCTION COMPANY, LTD. ET AL., APPELLEES.

(No. 84AP-699—Decided July 25, 1985.)

*Robert E. Williams,* trustee, *pro se.*

*Alan K. Veatch,* for appellees Global Construction Company and Indiana Insurance Company.

*James J. Marlin, Jr.,* for appellee Jezerinac Engineering, Inc.

*Michael Miller,* prosecuting attorney, and *Jeffrey L. Glasgow,* for appellee Board of Trustees, Public Library of Columbus and Franklin County.

COOK, J. On April 26, 1984, Robert E. Williams, Trustee, Tubalcain Trust, d.b.a. Ironmaster, filed a complaint, signed by "Robert E. Williams — Pro Se," against Global Construction Co., Ltd. ("Global Construction"), Jezerinac Engineering, Inc. ("Jezerinac"), and the Board of Trustees, Public Library of Columbus and Franklin County (the "Library"). The complaint set forth a claim of breach of contract against Global Construction and a claim against Jezerinac for refusal to approve structural steel drawings submitted to Global Construction by Tubalcain Trust, d.b.a. Ironmaster.

Global Construction filed an answer and a counterclaim. The Library filed an answer and a cross-claim against Global

Construction. The Library filed a third-party complaint against Indiana Insurance Company, the bonding company for Global Construction. On May 24, 1984, Jezerinac filed a motion to dismiss the complaint because it was filed by a non-attorney and is not a *pro se* action and for failure to state a claim.

On June 21, 1984, the trial court dismissed Tubalcain Trust's complaint with prejudice as to Jezerinac and also dismissed the complaint without prejudice as to Global Construction and the Library. The court held that such dismissal had no effect on Global Construction's counterclaim and the cross-claim of the Library, and found that, pursuant to Civ. R. 54(B), there was no just cause for delay. The court, on July 18, 1984, entered a default judgment in favor of Global Construction on its counterclaim.

Tubalcain Trust, on July 23, 1984, filed a notice of appeal from the judgment of June 21, 1984. On August 21, 1984, it filed an amended notice of appeal without leave of court and included the default judgment of July 18, 1984 in favor of Global Construction on its counterclaim as an additional judgment being appealed.

Appellant has filed the following three assignments of error:

"1. Trial court's assertion of a non-*pro se* action and defense on behalf of plaintiff-appellant, is in error.

"2. Trial court's affirming defendant-appellee Jezerinac Engineering Inc.'s motion to dismiss is:

"A. Invalid for lack of certificate of service.

"B. In error as to assertion of plaintiff-appellant's failure to state a claim.

"3. Trial court's affirming defendant-appellee Global Construction Co., Ltd.'s motion for default judgment is:

"A. In error as to assertion of plaintiff-appellant's failure to answer counterclaim.

"B. In error if, assuming *arguen-* do, that the initial action was a non-*pro se* action, then the original action was invalid and the subsequent counterclaim would likewise be invalid; and such is an abuse of discretion."

The second assignment of error is well-taken, but the first and third assignments of error are without merit.

Tubalcain Trust first contends the court erred in concluding that Robert E. Williams is not a concerned party in the instant cause. It argues that, as trustee of the Tubalcain Trust, he is personally liable for any deficiencies in the trust assets to satisfy claims of creditors of the trust. Therefore, it maintains, he should be permitted to proceed *"pro se."*

R.C. 4705.01, in pertinent part, provides:

"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which he is not a party concerned, either by using or subscribing his own name, or the name of another person, unless he has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. * * *"

In the cause *sub judice,* it is clear that Robert E. Williams, as trustee of the Tubalcain Trust, was not a party to the action which is the subject of this appeal. The first paragraph of the complaint reads:

"1. Plaintiff is a business trust engaged in a steel fabricating business, residing at S.R. 314, Box 22, County of Morrow, State of Ohio."

Thus, it appears clear that Robert E. Williams was acting as an attorney for Tubalcain Trust when he filed the complaint against the three defendants. He was not representing himself in the lawsuit since he was not a party to the lawsuit. Therefore, by filing the complaint for Tubalcain Trust, Williams was practicing law in violation of R.C. 4705.01.

Even if Williams, along with Tubalcain Trust, were a party to the action, he

could not represent himself and another interested party. *Otto* v. *Patterson* (1962), 173 Ohio St. 174 [18 O.O.2d 440].

We conclude that Williams was unlawfully engaged in the practice of law, and agree with the court in *Leonard* v. *Walsh* (Ill. App. 1966), 220 N.E. 2d 57, as illustrated in headnote No. 2, that:

"Where it appears that one not licensed to practice law has instituted legal proceedings on behalf of another in a court of record, such suit should be dismissed * * *."

Next, Tubalcain Trust contends that the court erred in granting Jezerinac's motion to dismiss since the motion was not served on it as required by Civ. R. 5(D) and Loc. R. 23 of the Franklin County Court of Common Pleas. It further contends that, assuming Jezerinac's motion was valid, its complaint did state a cause of action.

Tubalcain Trust was not prejudiced by the failure of Jezerinac to serve its motion to dismiss on Tubalcain Trust. It responded to the motion by way of a memorandum and by appearing at the hearing on the motion, thus waiving any objection as to the failure of Jezerinac to comply with Civ. R. 5(D). As to the complaint, it did not state a cause of action against Jezerinac since Jezerinac owed no duty to Tubalcain Trust. If there is no duty owed, no legal liability can arise because of an alleged deficient act.

However, the trial court erred in dismissing Tubalcain Trust's complaint against Jezerinac "with prejudice." Since the court held that a non-attorney was not able to represent the interest of another, it was inconsistent for the court to hold that a claim which the non-attorney attempted to assert on behalf of another's interest is subject to dismissal "with prejudice."

The dismissal of the complaint against Jezerinac should have been without prejudice, as were the dismissals of the other claims which were attempted to be asserted by the non-attorney on behalf of Tubalcain Trust.

Last, Tubalcain Trust contends that the trial court erred in granting default judgment to Global Construction on its counterclaim.

This court cannot address the merits of this assignment of error. When Tubalcain Trust filed its amended notice of appeal on August 21, 1984, it amended the notice of appeal to include the default judgment rendered on July 18, 1984, in addition to the judgment of June 21, 1984. While the notice of appeal filed on July 23, 1984 from the judgment of June 21, 1984 was within the time requirement of App. R. 4(A), because the thirtieth day fell on a weekend, the amended notice of appeal filed on August 21, 1984 sought to appeal the judgment of July 18, 1984 and clearly was not filed within the thirty-day requirement of App. R. 4(A).

In addition, according to the record, Tubalcain Trust did not obtain leave of court before filing its amended notice of appeal, as required by App. R. 3(E).

Jezerinac's motion for attorney fees and sanctions pursuant to App. R. 23 is overruled, as there was a valid basis for the appeal.

Appellant's first and third assignments of error are overruled, and the second assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with law and this opinion.

*Motion overruled.*
*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

McCORMAC and NORRIS, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.