SHERIDAN MOBILE VILLAGE, INC., Appellee,

v.

LARSEN et al., Appellants.

[Cite as *Sheridan Mobile Village, Inc. v. Larsen* (1992), 78 Ohio App.3d 203.]

Court of Appeals of Ohio,
Lawrence County.

No. 91–CA–6.

Decided Feb. 4, 1992.

*Richard D. Kennedy,* for appellee.

*Robert R. Romaker* and *Deborah Gilbert,* for appellants.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Lawrence County Municipal Court in a forcible entry and detainer action in favor of Sheridan Mobile Village, Inc., plaintiff below and appellee herein, and against John and Ramona Larsen, defendants below and appellants herein.

Appellants assign the following errors:

First Assignment of Error:

"The trial court erred in permitting appellee corporation to proceed on its' [*sic*] in propria persona complaint which was not signed by an attorney licensed to practice law."

Second Assignment of Error:

"The trial court erred in evicting the Larsens for nonpayment of rental fees, charges, and assessments which the park operator failed to disclose in strict compliance with the provisions. of Ohio Revised Code Section 3733.11."

A review of the record reveals the following facts pertinent to this appeal. On February 7, 1991, appellee, Sheridan Mobile Village, Inc., filed a forcible entry and detainer action against appellants. The complaint requested possession of the rental premises and money damages because of the failure of appellants to pay rent. Gary Doolin, owner and president of Sheridan Mobile Village, Inc., a corporation, signed the complaint on behalf of the corporation. Doolin is not licensed to practice law in Ohio.

On February 26, 1991, appellants filed an answer and counterclaim. At the March 4, 1991 trial a licensed attorney represented the corporation. After hearing the evidence, the trial court found in favor of appellee. Appellants filed a timely notice of appeal.

In their first assignment of error, appellants assert the trial court erred in permitting appellee to proceed at trial on its complaint because the complaint was not signed by an attorney licensed to practice law in Ohio. Appellants contend the trial court should have dismissed the complaint.

Appellee concedes a licensed attorney did not sign the complaint on behalf of the corporation; however, appellee argues the corporation remedied any defect in the proceedings prior to the initial hearing because a licensed attorney entered an appearance on behalf of the corporation and represented the corporation during the trial. Thus, appellee asserts the corporate entity did not "maintain" the action beyond the filing of the complaint and the trial court did not err overruling appellants' motion to dismiss the action.

R.C. 4705.01 provides in pertinent part:

*"No person shall be permitted to* practice as an attorney and counselor at law, or to *commence,* conduct, or defend *any action or proceeding in which he is not a party concerned,* either by using or subscribing his own name, or the name of another person, *unless he has been admitted to the bar* by order of the supreme court in compliance with its prescribed and published rules. Except as provided in section 4705.09 of the Revised Code or in rules adopted by the supreme court, admission to the bar shall entitle such person to practice before any court or administrative tribunal without further qualification or license. \* \* \* " (Emphasis added.)

█ Under Ohio law, a corporation can maintain litigation or appear in court only through an attorney admitted to the practice of law and may not do so through an officer of the corporation or some other appointed agent.[1] *Union Savings Assn. v. Home Owners Aid* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558; *Bd. of Trustees for the Memorial Civic Center v. Carpenter Co.* (Aug. 9, 1982), Allen App. No. 1–81–38, unreported, 1982 WL 4618. In *Williams v. Global Construction Co. Ltd.* (1985), 26 Ohio App.3d 119, 26 OBR 330, 498 N.E.2d 500, paragraph two of the syllabus, the court stated:

"When a non-attorney files a complaint in a court in violation of R.C. 4705.01, the court should dismiss the complaint without prejudice."

See, also, *Micchia, D.D.S. v. Matchak* (Dec. 5, 1986), Lake App. No. 11–217, unreported, 1986 WL 14348; and *Clark v. Summers* (May 21, 1988), Hocking App. No. 87–CA–2, unreported, 1988 WL 65610.

█ Appellee asserts that although a non-attorney filed the complaint on behalf of the corporation, the fact that a licensed attorney represented appellee at the initial hearing remedied any defect. We disagree. Appellee has not cited any authority and we can find none to support its argument. R.C. 4705.01 provides that no person shall be permitted to *commence* any action in which he is not a party concerned unless he has been admitted to the bar. We will not alter the language or intent of the statute by permitting an action commenced by a non-attorney on behalf of another to proceed to trial.

In the case *sub judice,* when Doolin filed the complaint on behalf of the corporation he impermissibly acted as an attorney for the appellee. Accordingly, based upon the reasons stated above we reverse the trial court's

---

1. As stated above, the general rule in Ohio is that a corporation can maintain litigation or appear in court only through an attorney admitted to the practice of law. An exception to this rule is provided in R.C. 1925.17 which allows a corporation, through an officer or employee, to file and present a claim or defense in any action in a small claims court division arising from a claim based on a contract to which the corporation is an original party.

judgment and order the complaint dismissed without prejudice. Further, based upon our holding with respect to appellants' first assignment of error, the remaining assignment of error is, pursuant to App.R. 12(A), overruled.

*Judgment reversed.*

STEPHENSON, P.J., concurs.

GREY, J., dissents.