DECISION AND JUDGMENT ENTRY
On January 13, 1997, appellant, Matthew W. Coburn, sued appellee, the Toledo Hospital, for medical malpractice. On October 6, 1998, appellant dismissed his suit without prejudice pursuant to Civ.R. 41. On October 6, 1999, just within the one year savings statute, see R.C. 2305.19, an attempt to reinstitute the suit was initiated in a complaint captioned: "Matthew W. Coburn v. The Toledo Hospital". The 1999 complaint was signed by "Nancy S. Coburn, pro se." Nancy Coburn is appellant's mother and is not an attorney. The complaint alleged no injury to Nancy Coburn.
Appellee moved for summary judgment, arguing that a pro se complaint may be signed only by a party or an attorney. Since Nancy Coburn was neither of these, appellee asserted that the complaint was a nullity. In addition, appellee argued that because the complaint had no legal existence, appellant failed to meet the deadline in the saving statute, barring further proceedings.
The trial court denied appellant's motion to amend the complaint and granted appellee's motion for summary judgment. Appellant now appeals that decision, complaining that the trial court erred in granting appellee's summary judgment motion.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
There are no disputes of material fact in this matter. Therefore, the question is whether appellee was entitled to judgment as a matter of law. Civ.R. 56.
R.C. 4705.01 provides that, "[n]o person shall be permitted to * * * commence * * * any action or proceeding in which the person is not a party * * * unless the person has been admitted to the bar by order of the supreme court * * *."
Nancy Coburn has no claim of her own and was, therefore, not a party to this matter. It is further undisputed that Nancy Coburn is not now nor ever has been a licensed attorney. Consequently, by the clear language of R.C. 4705.01, she could not commence this action. Appellant's arguments that Nancy Coburn's signature on the complaint was an innocent mistake or obtained some validity by virtue of a general power of attorney are unavailing. The statute is clear and unambiguous, a person who is not a party or is not an attorney may not sign a complaint. See, also, Civ.R. 11. A general power of attorney confers no ability of a non-attorney to initiate a suit. Disciplinary Council v. Coleman (2000), 80 Ohio St.3d 155,158.
The effect of the failure of a party or an attorney to sign a complaint is the same as if no complaint was filed. See Civ.R. 11; Sheridan MobileHome Village v. Larsen (1992), 78 Ohio App.3d 203, 205. Therefore, due to the lack of a proper signature on the complaint, no suit was initiated within the time provided by the savings statute. By the time appellant sought to remedy this error, the statute had tolled.
Accordingly, the trial court erred neither in its refusal to permit amendment of a legally nonexistent suit, nor in its decision to award appellee summary judgment. Appellant's sole assignment of error is found not well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
 Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,P.J., CONCUR.