[Cite as *Rauch v. Jefferson Twp. Bd. of Zoning Appeals*, 2016-Ohio-967.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY


STEVEN R. RAUCH

    *Appellant-Appellee*

v.

JEFFERSON TOWNSHIP BOARD
OF ZONING APPEALS

    *Appellee-Appellant*

Appellate Case No. 26941


Trial Court Case No. 2014 CV 06029


(Civil Appeal from Common Pleas Court)

---

**DECISION AND FINAL JUDGMENT ENTRY**
March 8, 2016

---

PER CURIAM:

    **{¶ 1}** This case arises from an administrative appeal taken from the Jefferson Township Board of Zoning Appeals ("BZA") to the Montgomery County Court of Common Pleas. Steven R. Rauch appealed to the common pleas court when the BZA denied his request for a conditional use permit. On November 5, 2015, the common pleas court reversed the BZA's decision and remanded the matter to the BZA with directions to issue

the permit.

**{¶ 2}** On December 4, 2015, the BZA filed a notice of appeal, instituting the appeal currently before this court. No other parties have appealed or cross-appealed, and the time in which to do so has elapsed. App.R. 4.

**{¶ 3}** On December 11, 2015, Rauch moved to dismiss this appeal. He argues that the BZA lacks standing to appeal the common pleas court's decision. In response, the BZA argues that it was Rauch's error in naming only the BZA in his appeal to the common pleas court that caused the problem. The BZA asserts that Rauch's error deprived the common pleas court of jurisdiction. It also argues that because Rauch made it a party below, it may appeal pursuant to R.C. 2506.04 (allowing "any party" to appeal).

**{¶ 4}** In the alternative, the BZA seeks to substitute other parties. On December 21, 2015, the BZA, "joined by" the Jefferson Township Board of Trustees (the "Board") and Jeffrey Payne, the Jefferson Township Zoning Director (the "Zoning Director"), filed a motion to substitute the Board and Zoning Director for the BZA pursuant to App.R. 29(B). Rauch argues in response that substitution cannot be used to "repair" a notice of appeal in this manner. The parties appear to agree that amendment of the notice of appeal pursuant to App.R. 3(F) would be untimely and focus their arguments on substitution pursuant to App.R. 29(B). They both advance arguments as to whether substitution is "necessary" under that rule.

**{¶ 5}** We conclude that the BZA lacks standing to appeal, and that the lack of standing is a jurisdictional defect. We are therefore required to dismiss the appeal without allowing the substitution of entities who did not timely appeal.

<u>Standing</u>

**{¶ 6}** "It is a fundamental rule that an appeal may generally be instituted only by 'parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court.' " *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 5, citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). A party has standing when it has a "right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting Black's Law Dictionary (8th Ed.2004) 1442.

**{¶ 7}** Rauch argues that the BZA lacks standing to appeal the common pleas court's decision. The Supreme Court of Ohio directly held, in 1952, that "[n]either a township board of zoning appeals nor any of its members as such have a right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that decision." *Di Cillo & Sons, Inc. v. Chester Zoning Bd. of Appeals*, 158 Ohio St. 302, 109 N.E.2d 8 (1952), syllabus. As the Fourth Appellate District explained:

> "In an appeal to the board of zoning appeals, the board does not become a party to that appeal," but rather is a body to decide whether the issuance of a variance is appropriate. [*Di Cillo*] at 304-305, 109 N.E.2d 8. "[T]he board should be as disinterested in deciding matters brought before it as a court should be." *Id.* at 305, 109 N.E.2d 8. "Just as a common pleas court is not a party in a case it decides and may not appeal from a decision of a court of appeals that reverses the common pleas' decision, the board of zoning

appeals is not a party to [an] appeal and has no standing to appeal." *Parker v. Swancreek Twp. Bd. of Zoning Appeals*, 6th Dist. Fulton Nos. F-04-035, F-04-036, F-04-038, 2005-Ohio-538, ¶ 4. Instead, the proper party to appeal under R.C. Chapter 2506 is "the city, the city official responsible for enforcing the zoning regulations, or other persons aggrieved by the court's decision." *Sich v. Bd. of Zoning Appeals for the City [of] Middletown*, 12th Dist. Butler No. CA83-08-093, 1984 WL 3386, *1 (July 16, 1984), citing *Di Cillo* at 305, 109 N.E.2d 8; *Gold Coast Realty, Inc. v. Bd. of Zoning Appeals*, 26 Ohio St.2d 37, 39, 268 N.E.2d 280 (1971).

*Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 2013-Ohio-5610, 5 N.E.3d 694, ¶ 11 (4th Dist.). This court has dismissed a case, on nearly identical procedural facts, because the appellant, a board of zoning appeals, lacked standing. *See Bd. of Zoning Appeals for Harrison Twp. v. Resident Home Assn. for the Mentally Retarded of Greater Dayton, Inc.*, 2d Dist. Montgomery No. 6894, 1981 WL 2715, *2 (Mar. 6, 1981) ("*Resident Home*"). We held that "a township board of zoning appeals is not a person adversely affected by an order of the common pleas court reversing one of its decisions, and thus may not institute an appeal to the court of appeals in which the order of reversal of the common pleas court is challenged." *Id*.

**{¶ 8}** The Supreme Court's decision in *Di Cillo* considered a board of zoning appeals' standing pursuant to Section 3180-39 of the General Code, which allowed "[a]ny person adversely affected by a decision of a township board of zoning appeals" to appeal. *Di Cillo* at 304. That statute's replacement, R.C. 2506.04, provides that the "judgment of the court may be appealed by *any party* on questions of law as provided in the Rules of

Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added.) The BZA asserts that it was a "party" to the lower court proceedings, and it therefore may appeal.

{¶ 9} We have rejected this argument, as have other courts. In *Resident Home*, for example, we said that "[t]he fact that Section 2506.04, Revised Code, provides that any party may appeal from a decision does not authorize one who was not a proper party to appeal." *Id.* at *2; *Spencer v. Bd. of Zoning Appeals of Perry Twp.*, 171 N.E.2d 914, 918 (5th Dist.1960). We also find persuasive cases from across the districts that have continued to dismiss appeals by boards of zoning appeals for lack of standing or otherwise. *See, e.g., Safest Neighborhood Assn.* at ¶ 11; *Rickard v. Trumbull Twp. Zoning Bd. of Appeals*, 11th Dist. Ashtabula No. 2008-A-0024, 2009-Ohio-2619, ¶ 41-44; *Parker v. Swancreek Twp. Bd. of Zoning Appeals*, 6th Dist. Fulton No. F-04-035, 2005-Ohio-538, ¶ 4; *but see Sich v. Bd. of Zoning Appeals for City of Middletown*, 12th Dist. Butler No. CA83-08-093, 1984 WL 3386, *1-2 (July 16, 1984) (acknowledging the Supreme Court's directive in *Di Cillo*, but hearing appeal because there had been no objection to standing). We conclude that the BZA lacks standing to appeal the decision of the common pleas court that reversed the BZA.

### Substitution

{¶ 10} The BZA asks this court to substitute the Board and the Zoning Director for the BZA as appellants in this action. Before considering whether substitution is "necessary" or appropriate under App.R. 29(B), we first consider the effect of the lack of standing on our jurisdiction.

{¶ 11} The Supreme Court of Ohio recently held that standing is "a jurisdictional

requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court – even a court of competent subject-matter jurisdiction – over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22.

{¶ 12} "For over 15 years, standing challenges were addressed by * * * Ohio courts by relying on *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, [77,] 701 N.E.2d 1002 (1998), a plurality opinion holding that a lack of standing does not deprive the court of subject matter jurisdiction and can be cured under Civ.R. 17." *JPMC v. Cochran*, 11th Dist. Ashtabula No. 2014-A-0048, 2015-Ohio-2452, ¶ 15. "Following a split among the districts, the Supreme Court of Ohio in 2012 ultimately dismissed the *Suster* analysis as non-binding, noting its plurality status." *Cochran* at ¶ 16, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 29. The court held that "[b]ecause standing to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.' " *Schwartzwald* at ¶ 24 (internal citation omitted). It also departed from *Suster* in holding that "a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id*. at ¶ 38.

{¶ 13} In 2014, the Supreme Court again discussed the connection between standing and jurisdiction. It held that a "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a *personal* stake in the outcome of the action in order to establish standing." (Emphasis in original.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 2007-Ohio-5024, 875

N.E.2d 550, ¶ 27. The court held that "[l]ack of standing is certainly a fundamental flaw that would require a court to dismiss the action, *Schwartzwald* at ¶ 40, and any judgment on the merits would be subject to reversal on appeal." *Kuchta* at ¶ 23.

{¶ 14} The Supreme Court's analysis was conducted in the context of foreclosure proceedings instituted in the common pleas courts. The zoning matter before us originated in the BZA, was then appealed to the common pleas court, and then further appealed to this court. We have found little direct guidance as to whether the Supreme Court's analysis would extend to appeals in appellate courts. The analysis has, however, been applied to other kinds of cases at the trial court level. *See, e.g. Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726 (legal malpractice claim brought by bankruptcy debtor); *Shefkiu v. Worthington Industries, Inc.*, 2014-Ohio-2970, 15 N.E.3d 394 (6th Dist.) (workplace injury claim by bankruptcy debtor). Similar analysis was applied prior to *Schwartzwald* and *Kuchta* to dismiss an administrative appeal without allowing substitution. *See Hills & Dales v. Ohio Dept. of Edn.*, 10th Dist. Franklin No. 06AP-1249, 2007-Ohio-5156 (affirming common pleas court's dismissal of appeal and denial of substitution as moot where appellant lacked standing). And, courts have explicitly held they "cannot allow new parties to be amended into a notice of appeal that was insufficient to invoke the court's jurisdiction in the first place," because of a lack of standing. *State v. Langston*, 6th Dist. Lucas No. L-12-1014, 2012-Ohio-6249, ¶ 12, citing *Ambrosia Coal & Constr. Co. v. C.B.G., Inc.,* 7th Dist. No. 00 C.A. 101, 2001 WL 1123901 (Sept. 14, 2001); *see also Beneficial Mtge. Co. v. Dickerson*, 10th Dist. Franklin No. 14AP-282, 2014-Ohio-5045, ¶ 10, citing *Ambrosia Coal*.

{¶ 15} We see no principled reason the *Schwartzwald/Kuchta* analysis should not

apply here. Given that an appellant must also have standing in the court of appeals, *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 5, and given the Supreme Court's unambiguous statement that lack of standing is a fundamental, jurisdictional flaw requiring a court to dismiss an action, we conclude that the BZA's lack of standing requires this court to dismiss its appeal. *Kuchta* at ¶ 23, citing *Schwartzwald* at ¶ 40. Further, the Supreme Court's holding that lack of standing cannot be "cured" later in the proceedings persuades us that we may not permit the type of substitution sought here by the BZA. *Schwartzwald* at ¶ 38-39.

{¶ 16} Even if this court could permit the BZA to "cure" the lack of standing, we are not convinced that App.R. 29, under which the BZA seeks substitution, should be used in the manner suggested. Before *Schwartzwald* and *Kuchta*, standing problems in the trial court could be cured by substitution or correction pursuant to Civ.R. 17's real party in interest provision. *See Suster, supra.* The Appellate Rules contain no analog to Civ.R. 17. Rather, the Appellate Rules contain a substitution rule analogous to Civ.R. 25. Civ.R. 25 allows substitution of parties because of death, incompetency, transfer of interest, or when a named public officer dies, resigns, or otherwise ceases to hold office. Similarly, App.R. 29 permits substitution upon a party's death, when a named public officer dies, resigns, or otherwise ceases to hold office, or where it "is necessary for any reason other than death." App.R. 29(B).

{¶ 17} Both Civ.R. 25 and App.R. 29 contemplate substitution when there is some equivalence between the new party and the old, e.g., a personal representative and her decedent, or a public official and his predecessor. There is no such relationship here. The Board of Zoning Appeals, the Board of Township Trustees, and the Township Zoning

Director[1] all appear to be separate entities, with separate statutory rights and responsibilities. *Compare* R.C. 519.13 and R.C. 519.14 (concerning boards of zoning appeals); R.C. 505.01 et seq. (concerning boards of township trustees); R.C. 519.16 (concerning township zoning inspectors). They are not equivalent as a matter of fact, and we decline to construe "necessary" in this context to allow them to be treated as such as a matter of law.

{¶ 18} We also do not believe that App.R. 29(B) was intended to be used as a real party in interest rule. Parties who substitute into an appeal in the customary situation seek to vindicate or protect the rights of the original party. A personal representative, for example, asserts the rights of her decedent, not her own rights. We do not view App.R. 29(B) as a mechanism to introduce a new party seeking to pursue its own rights. We decline to construe the word "necessary" under the rule to include situations where substitution is the only way for an appeal to proceed, not because a proper party became unable to litigate, but because an improper party appealed and the proper parties did not. The contrary result would allow placeholder appeals to be filed by entities without any cognizable interest in the outcome, and the later substitution by entities that, as here, failed to intervene or timely assert their rights in these proceedings or the proceedings below. We decline to construe "necessary" in this manner.

{¶ 19} Finally, even if we had discretion to allow a lack of standing to be cured by substitution, we would not exercise our discretion to do so here. The Board and the Zoning Director failed to file a timely notice of appeal. As they argue, they have an interest in the matter and could properly be parties. *See Gold Coast Realty, Inc. v. Bd. of*

---

[1] The statute contemplates a zoning inspector, necessary assistants, and a fiscal officer. R.C. 519.16. While not directly addressed by the parties, we observe that the Zoning Director in this case appears to have acted

*Zoning Appeals of City of Cleveland*, 26 Ohio St.2d 37, 39, 268 N.E.2d 280 (1971) (finding that a municipality has standing to appeal a decision of the common pleas court that reversed the BZA). By finding it "necessary" for them to be substituted in, we would create a loophole through which litigants could apply to this court for relief in violation of this court's primary jurisdictional requirement: that the appellant timely filed a notice of appeal. *See* App.R. 4(A).

{¶ 20} We are cognizant that the Supreme Court of Ohio has held that the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal, without specifying who must file it. *Transamerica Inc. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus. To the extent that this statement survives or incorporates the mandates of *Schwartzwald* and *Kuchta*, we would note that *Transamerica* considered a motion to amend a notice of appeal, not a motion to substitute a party. *Transamerica* also considered errors in the form of the notice of appeal itself, not the appellant's lack of standing. *See Beneficial Mtge. Co. v. Dickerson*, 10th Dist. Franklin No. 14AP-282, 2014-Ohio-5045, ¶ 10 (distinguishing *Transamerica* and finding the court's jurisdiction not properly invoked by a notice of appeal filed by a non-existent entity who lacked standing). Together, these cases persuade us that the timely filing of a notice of appeal by a person with standing to file it is required.

{¶ 21} Under the circumstances presented here, we conclude that the motion to substitute parties pursuant to App.R. 29(B) is not well-taken.

Conclusion

{¶ 22} The BZA lacks standing to appeal the common pleas court's decision overruling the BZA. Rauch's motion to dismiss this appeal is therefore SUSTAINED. The

---

similarly to a zoning inspector.

motion to substitute parties is OVERRULED. Montgomery App. No. 26941 is DISMISSED.

{¶ 23} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Montgomery County Court of Appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing.

SO ORDERED.

_____
MARY E. DONOVAN, Presiding Judge

_____
MIKE FAIN, Judge

_____
MICHAEL T. HALL, Judge

Copies to:

Jeffrey Turner
Dawn Frick
Kevin Lantz
Surdyk, Dowd & Turner Co., LPA
8163 Old Yankee Street, Suite C
Dayton, Ohio  45458
Attorneys for Appellant, Jefferson Township Board of Zoning Appeals

Terry Posey, Jr.
Scott King
Thompson Hine, LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio  45342
Attorneys for Appellee, Steven R. Rauch

Hon. Mary Wiseman
Montgomery County Common Pleas Court

41 N. Perry Street
P.O. Box 972
Dayton, Ohio  45422

CA3/KY