[Cite as *Cannabis for Cures, L.L.C. v. State of Ohio Bd. of Pharm.*, 2018-Ohio-3193.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| CANNABIS FOR CURES, L.L.C. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2018-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-0612 |
| | : | |
| STATE OF OHIO BOARD OF | : | (Civil Appeal from |
| PHARMACY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . . .

RENEA MURNAHAN-TURNER, 42 N. Fountain Avenue, Springfield, Ohio 45502
        Plaintiff-Appellant, Pro Se

YVONNE TERTEL, Atty. Reg. No. 0019033, and HENRY APPEL, Atty. Reg. No. 0068479, 30 E. Broad Street, 26th Floor, Columbus, Ohio 43215
        Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Renea Murnahan-Turner appeals pro se the dismissal of the complaint filed by Cannabis for Cures LLC against the State of Ohio Board of Pharmacy. Murnahan-Turner lacks standing to appeal, so we must dismiss.

## I. Background

{¶ 2} Cannabis for Cures LLC (CFC) filed this lawsuit against the Board of Pharmacy on October 25, 2017. The complaint asserted three counts criticizing the bill that authorized medical marijuana in Ohio, H.B. 523. The first count alleged that the Board was "abusing their role in the Medical Industry for their own industries['] interest here in this State of Ohio." The second count alleged that the Board was "discriminating against Medical Doctors by not allowing them to have any Investments or ownership of dispensary licenses." And the third count alleged that the Board was "discriminating against economically disadvantaged Ohioans due to they have to be in Ohio residence according to section 3796.11 of the Ohio Revised Code demonstrates that the applicant is in compliance with the applicable tax laws of the state." The relief sought was this: "Plaintiff wants the Board of Pharmacy completely eliminated from the Medical Marijuana Industry and removed from the House Bill 523." The complaint stated that CFC was represented by Renea Murnahan-Turner, "CEO of Cannabis for Cures, LLC, Ohio Advocate for Medical Marijuana Research and Development, CEO of Medical Marijuana Rebuild Ohio and a very proud CEO of Veterans Clinics. (To allow Cannabis to treat PTSD.)." Murnahan-Turner is not an attorney.

{¶ 3} The Board filed a motion to dismiss under Civ.R. 12(B)(1) and (6). It argued that the complaint was a legal nullity because, under Ohio law, a limited-liability company

may be represented in court only by a licensed attorney. The Board also argued that CFC had not identified any constitutional problems with H.B. 523 and that it was seeking to have the court change the law based on policy disagreements. Lastly, the Board argued that CFC lacked standing because it failed to show any particular harm from H.B. 523 and argued that the Board lacked the authority to do what CFC wants.

{¶ 4} CFC filed an omnibus response in which it sought to do several things. It first sought to amend the complaint by "adding Renea Murnahan-Turner as a plaintiff." CFC also asked to transfer the case to Franklin County. And it asked the trial court to sanction the Board for continuing to accept applications for dispensary licenses, asserting that the filing of the lawsuit acted as an injunction. At the end of its response, CFC stated: "Plaintiff Request[s] the Board to overrule the will of the Ohio General Assembly by replacing the Board of Pharmacy with the Liquor Control Commission and the Ohio Department of Health. In the House Bill 523."

{¶ 5} The Board filed a reply in support of its motion to dismiss, arguing that CFC's opposition should be treated as a motion for leave to intervene and should be denied because the only proper response to a complaint that is a nullity is to dismiss the case without prejudice. The Board emphasized that CFC could hire an attorney to refile the case and that Murnahan-Turner could file her own lawsuit pro se. The Board also noted that if CFC's response was treated as an amended complaint, the trial court would lack subject matter jurisdiction because the complaint seeks monetary damages from the State, making the action one that can be heard only in the Court of Claims.

{¶ 6} On December 18, 2017, the trial court granted the Board's motion to dismiss on the ground that, because she was not an attorney, Murnahan-Turner was not permitted

to file a complaint on behalf of CFC.

{¶ 7} Murnahan-Turner filed a notice of appeal pro se in her own name, referring to herself as the plaintiff in the case.

## II. Analysis

{¶ 8} Murnahan-Turner's pro se brief does not contain any assignments of error. Nor does the brief squarely address the basis for the trial court's dismissal. In any event, we conclude that the trial court properly dismissed CFC's complaint and that we must do the same with this appeal.

{¶ 9} R.C. 4705.01 pertinently states:

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.

This means that "only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf." *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, ¶ 7. Pertinent here, the Ohio Supreme Court has held that "a limited-liability company exists as a separate legal entity, * * * and may be represented in court only by a licensed attorney." *Disciplinary Counsel v. Kafele,* 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 118, citing *Union Savings Assn. v. Home Owners Aid*, 23 Ohio St.2d 60, 64, 262 N.E.2d 558 (1970). That the non-attorney representing the company is the company's CEO does not matter. *See*

*Givens* at ¶ 7 (saying that "a nonlawyer may not practice law in defense of a corporate entity merely because he holds some official corporate position"); *Sheridan Mobile Village, Inc. v. Larsen*, 78 Ohio App.3d 203, 205, 604 N.E.2d 217 (4th Dist.1992), citing *Union Savings* (saying that a corporation "may not * * * [maintain litigation or appear in court] through an officer of the corporation or some other appointed agent").

{¶ 10} We have said that "any filing by a non-attorney is viewed as a legal nullity." *State v. Handcock*, 2d Dist. Clark No. 2016-CA-3, 2016-Ohio-7096, ¶ 11. Indeed, "courts throughout the state have consistently held that a complaint, or other pleading undertaken on behalf of a corporation by a non-attorney, is a legal nullity." *DiPaolo Indus. Dev., L.L.C. v. Blair & Latell Co., LPA*, 11th Dist. Trumbull No. 2014-T-0006, 2014-Ohio-4317, ¶ 14. " 'When a non-attorney files a complaint in a court in violation of R.C. 4705.01, the court should dismiss the complaint without prejudice.' " *Larsen* at 205, quoting *Williams v. Global Constr. Co. Ltd.*, 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985), paragraph two of the syllabus; *DiPaolo* at ¶ 14 (quoting the same).

{¶ 11} Here, Murnahan-Turner filed the complaint on behalf of CFC. She admits that she is not an attorney. So the complaint is a nullity. Which means that the request to amend the complaint, by adding Murnahan-Turner as a plaintiff, is a nullity too. This defect could not be remedied, because R.C. 4705.01 prohibits Murnahan-Turner from so much as commencing the action on behalf of CFC.

{¶ 12} It is possible that the trial court could have dismissed CFC as plaintiff and allowed Murnahan-Turner to file a separate complaint naming herself as plaintiff. But the court was not required to permit such an amendment. By rule, a party may amend a pleading "as a matter of course" within 28 days after serving it, or within 28 days after

service of a Civ. R. 12 motion. Civ.R. 15(A). After that, a party may amend a pleading "only with the opposing party's written consent or the court's leave," which the court should "freely give * * * when justice so requires." *Id.* However, the complaint in the name of the LLC was a nullity and Murnahan-Turner, individually, was not a party, so she did not have standing to request an amendment. Likewise she was unable to intervene under Civ.R. 24, because the complaint filed was a nullity and did not initiate an action at all.[1]

{¶ 13} Standing is "a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court—even a court of competent subject-matter jurisdiction—over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22. "Because standing to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.' " *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24. Moreover, "a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id.* at ¶ 38.

{¶ 14} A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a *personal* stake in the outcome of the action in order to establish standing." (Emphasis sic.) *Kuchta* at ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550,

---

[1] The Board filed a Notice of Supplemental Authority on July 24, 2018, representing that Murnahan-Turner, individually, had subsequently filed a similar complaint in the Franklin County Court of Common Pleas, which is pending. We conclude that information is not an additional "authority" as contemplated by App. R. 24(I). The Board's counsel also took the position at oral argument that this case, because it was a nullity, and because it was dismissed without prejudice, has no impact on that litigation. Accordingly, we do not consider that filing in this decision.

¶ 27. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action * * *." *Id.*, citing *Schwartzwald* at ¶ 40.

{¶ 15} Ultimately, though, we must dismiss this appeal, for one of two reasons, depending on how the appeal is construed. The notice of appeal pertinently states: "Now comes Plaintiff Renea Murnahan-Turner CEO of Cannabis for Cures, and hereby gives notice that she is appealing the Dismissal decision." Of course, Murnahan-Turner is not the plaintiff. So if Murnahan-Turner is appealing on behalf of CFC, we must dismiss under R.C. 4705.01, because she is not an attorney. We must also dismiss even if Murnahan-Turner is attempting to appeal on her own behalf because the complaint she filed on behalf of the LLC is a nullity and it is insufficient to have commenced an action in the Clark County Court of Common Pleas. "It is a fundamental rule that an appeal may generally be instituted only by 'parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court.' " *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 5, citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). In other words, an appeal may be brought only by parties who have standing, *Rauch v. Jefferson Twp. Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 26941, 2016-Ohio-967, ¶ 6, that is, a "right to make a legal claim or seek judicial enforcement of a duty or right," *Ohio Pyro* at ¶ 27. Murnahan-Turner lacks standing to appeal, because she fails to show that she has a personal interest that has been prejudiced, giving her the right to appeal. So we must dismiss. *See Rauch* at ¶ 15 (concluding that the appellant's lack of standing required dismissal of the appeal).

### III. Conclusion

**{¶ 16}** This appeal is dismissed.[2]

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Renea Murnahan-Turner
Yvonne Tertel
Henry G. Appel
Hon. Douglas M. Rastatter

---

[2] While this appeal was pending, we ordered CFC to show cause why the appeal should not be dismissed because it was instituted by a non-attorney (Murnahan-Turner). CFC did not respond. Based on the Board's response, we issued another order deferring resolution of the show-cause order to our review of the appeal's merits, which we have now done.