**[Cite as *Y-City News v. Tri-Valley Local School Bd. of Edn.*, 2022-Ohio-2665.]**

| | |
|---|---|
| Y-CITY NEWS | Case No. 2022-00113PQ |
| Requester | Special Master Jeff Clark |
| v. | RECOMMENDATION TO DISMISS WITHOUT PREJUDICE |
| TRI-VALLEY LOCAL SCHOOL BOARD OF EDUCATION | |
| Respondent | |

{¶1} The Ohio Public Records Act requires copies of public records to be made available to any person upon request. R.C. 149.43(B)(1). This action is filed under R.C. 2743.75, which is intended "to provide for an expeditious and economical procedure" to enforce the Act in the Court of Claims. R.C. 2743.75(A). This procedure has been utilized by hundreds of individuals, including many who make requests and file complaints in their own names rather than on behalf of any corporate entity.

{¶2} On November 22, 2021, requester Y-City News made public records requests to Tri-Valley Local School District Superintendent Mark Neal for certain text and email records from July or August, 2019. (Complaint at 3.) The request was expressly made by a corporate entity. (Complaint at 3 – "*our organization* is requesting an opportunity to inspect or obtain copies of the following public records.") Y-City News summarizes the requests as

> seeking communications between Superintendent Mark Neal and a current common pleas court judge as well as the former elected county prosecutor, who retired from office and now serves as an assistant prosecutor for the same office. * * *

> This particular records request seeks the emails and corresponding attachments from Superintendent Neal to the aforementioned judge and prosecutor as well as a series of text messages of school resource officer Brad Gearhart.

(*Id.* at 2.) Respondent Tri-Valley Local School District Board of Education (Tri-Valley SD) responded to each request (*Id.* at 5-12), but on February 15, 2022, Y-City News filed a complaint under R.C. 2743.75, naming the media corporation as the party-requester, alleging denial of access to additional public records in violation of R.C. 149.43(B)(1). Following unsuccessful mediation, Tri-Valley SD filed a motion to dismiss (Response) on April 20, 2022.

{¶3} Tri-Valley SD seeks dismissal, *inter alia*, on the ground that this action was commenced on behalf of a corporation by a person not admitted to the Ohio bar. (Response at 5.) The court directed Y-City News to brief the issue. (April 18, 2022 Order.) In response, Y-City News filed a letter on May 10, 2022 that lacked a caption or proof of service on Tri-Valley SD. The court may not consider any document filed with the court "until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(4). However, in the interest of justice the Special Master reviewed the letter and finds that it does not address the issue of representation other than to state that Y-City News has no "corporate attorney on staff" and that the person who filed the complaint is not an attorney. Y-City News appears to believe that the special statutory court action in the Ohio Court of Claims is informal and not subject to the Ohio Civil Rules of Procedure and Ohio Revised Code.

**Complaint Improperly Filed on Behalf of Corporation by Non-Attorney**

{¶4} Either an individual or a corporation may make a public records request because "any person" may make the request, R.C. 149.43(B)(1), and both individuals and corporations are included in the definition of a "person." R.C. 1.59(C). However, unlike an individual person, "A corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." *Union Savings Assn. v. Home Owners Aid*, 23 Ohio St.2d 60, 60, 262 N.E.2d 558 (1970). The Y-City News contact person could have made the request in his own name and filed an enforcement action in his own name as the party-requester *pro se* (without an attorney). Instead, Y-City News brought this action as a corporation, and

the complaint was signed by a corporate officer rather than an attorney. (Complaint at 1-2; Response at 5, Exhs. B and C.)

{¶5} R.C. 4705.01 provides, in pertinent part:

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. * * *

"When a non-attorney files a complaint in a court in violation of R.C. 4705.01, the court should dismiss the complaint without prejudice." *Williams v. Global Constr. Co. Ltd.*, 26 Ohio App.3d 119, 26 Ohio B. 330, 498 N.E.2d 500 (10th Dist.1985), paragraph two of the syllabus. See generally *Cannabis for Cures, L.L.C. v. State Bd. of Pharm.*, 2nd Dist. Clark No. 2018-CA-12, 2018-Ohio-3193, *passim*, and cases cited therein.

{¶6} The special master concludes that Y-City News' filing of the complaint was a nullity and this action should be dismissed. Because the dismissal is other than on the merits, the dismissal should be without prejudice.

**Other Defenses Asserted**

{¶7} The above ground for dismissal disposes of this case in its entirety, and there is thus no need to address any other defense raised in Tri-Valley SD's response.

**Conclusion**

{¶8} Pursuant to R.C. 2743.75(D)(2) the Special Master recommends the court dismiss this action and that dismissal be without prejudice to refiling by an individual requester representing themself *pro se*, or by Y-City News through an attorney. It is recommended that costs be assessed to the requester.

{¶9} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption*

*of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

JEFF CLARK
Special Master

**Filed May 17, 2022**
**Sent to S.C. Reporter 8/4/22**