[Cite as *Y-City News v. Tri-Valley Local School Bd. of Edn.*, 2022-Ohio-2664.]

| | |
|---|---|
| Y-CITY NEWS | Case No. 2022-00113PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| TRI-VALLEY LOCAL SCHOOL BOARD OF EDUCATION | |
| Respondent | |

{¶1} Requester Y-City News (Y-City News) objects to a Special Master's recommendations to dismiss this action without prejudice and assess court costs to Y-City News. The Court sustains, in part, Y-City News's objections.

## I.     Background

{¶2} On February 15, 2022, Y-City News, c/o Jason Paul Schaumleffel, filed a complaint alleging Respondent Tri-Valley Local School Board of Education (Board) denied Y-City News access to public records in violation of R.C. 149.43(B). The Court appointed a Special Master who referred the case to mediation. After mediation failed to resolve all disputed issues between the parties, the case was returned to the docket of the Special Master. The Board moved for a Civ.R. 12(B)(6) dismissal, claiming that it is entitled to judgment, as a matter of law, because its denial of Y-City News's request complied with the Ohio Public Records Act and Y-City News can prove no set of facts entitling it to relief.

{¶3} On May 17, 2022, the Special Master issued a Recommendation To Dismiss Without Prejudice. The Special Master determined that the Complaint was improperly filed on behalf of a corporation by a non-attorney. The Special Master "recommends the court dismiss this action and that dismissal be without prejudice to refiling by an individual

requester representing themself *pro* se, or by Y-City News through an attorney" and that costs be assessed to Requester.  (Recommendation To Dismiss Without Prejudice, 3.)

{¶4} On June 22, 2022, Y-City News filed written objections to the Special Master's recommendations.  In the objections, Y-City News states, "In accordance with ORC 2743.75(F)(2) a copy of this notice will be sent by certified mail, return receipt requested, to Tri-Valley Local Schools."

{¶5} The Board has not responded to Y-City News's written objections.

## II. Law and Analysis

{¶6} Except for a court that hears a mandamus action pursuant to R.C. 149.43(B), this Court is the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of R.C. 149.43(B).   R.C. 2743.75(A).  R.C. 2743.75(A) requires the Clerk of this Court to "designate one or more current employees or hire one or more individuals to serve as special masters to hear complaints brought under [R.C. 2743.75]."  Under R.C. 2743.75(F)(1), a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint."  *See* R.C. 2743.75(F)(2) (governing objections to a special master's report and recommendation).  However, pursuant to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time."

{¶7} According to R.C. 2743.03(D), the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter."  Therefore, to the extent that the Ohio Rules of Civil Procedure are consistent with R.C. 2743.75, the Ohio Rules of Civil Procedure apply to R.C. 2743.75.  Under Rule 5(B)(1) of the Ohio Rules of Civil Procedure, "[i]f a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party."  Here, the Board is represented by legal counsel and the Court has not ordered service on the Board itself.  Pursuant to Civ.R. 5(B)(1), service of Y-City

News's objections should have been served on the Board's legal counsel—not the Board, which appears to be the case in this instance. *See generally State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'").

{¶8} Jason Paul Schaumleffel, who has submitted written objections on behalf of Y-City News, informs the Court in the objections that "I am not an attorney, while I do cover many court cases, the nuances of the law are not my expertise." Schaumleffel states, "Defeatedly, this experienced investigative journalist must admit I did not know that an individual, who happens to have their name on corporate documents, is precluded from filing using their name in any part if it is connected to that same news organization. * * * On that matter, though I personally disagree, I can totally understand the special master recommending that the case be refiled. What I must contend, however, is the recommendation that 'costs be assessed to the requester.' As mentioned above, this was filed in good faith, under the misunderstanding of the exact means and process to file."

{¶9} Because Schaumleffel is not a licensed Ohio attorney or an attorney who has been granted permission to appear pro hac vice on behalf of Y-City News, Schaumleffel may not prosecute Y-City News's Complaint or its objections in this instance. The Second District Court of Appeals has stated

> that "any filing by a non-attorney is viewed as a legal nullity." *State v. Handcock*, 2d Dist. Clark No. 2016-CA-3, 2016-Ohio-7096, ¶ 11. Indeed, "courts throughout the state have consistently held that a complaint, or other pleading undertaken on behalf of a corporation by a non-attorney, is a legal nullity." *DiPaolo Indus. Dev., L.L.C. v. Blair & Latell Co.*, LPA, 11th Dist. Trumbull No. 2014-T-0006, 2014-Ohio-4317, ¶ 14. " 'When a non-attorney files a complaint in a court in violation of R.C. 4705.01, the court should

dismiss the complaint without prejudice.' " [*Sheridan Mobile Village, Inc. v. Larsen*, 78 Ohio App.3d 203, 205, 604 N.E.2d 217 (4th Dist.1992)], quoting *Williams v. Global Constr. Co. Ltd.*, 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985), paragraph two of the syllabus; *DiPaolo* at ¶ 14 (quoting the same).

*Cannabis for Cures, L.L.C. v. State Bd. of Pharmacy*, 2d Dist. Clark No. 2018-CA-12, 2018-Ohio-3193, ¶ 10. *See* R.C. 4705.01 (practice of law). *See also Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 15.

{¶10} Upon review, the Court finds that the Special Master's recommendation for dismissal of this action without prejudice is well taken.

{¶11} The Ohio Supreme Court has held, "The duty to pay court costs is a civil obligation arising from an implied contract." *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus. In *Strattman*, the Ohio Supreme Court stated, "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Strattman* at 103. In *State v. Johnson*, 8th Dist. Cuyahoga No. 109152, 2020-Ohio-499—an appeal challenging a sentence imposed by a trial court at resentencing—the Eighth District Court of Appeals remarked, "A trial court may waive court costs, and such a decision is reviewed on an abuse of discretion standard." *State v. Johnson*, at ¶ 19.

{¶12} Upon review, the Court finds that, in this instance, court costs should not be assessed to Requester.

### III.   Conclusion

{¶13} The Court sustains, in part, Y-City News's objections. The Court adopts in part the Special Master's recommendations. In accordance with R.C. 2743.75(D)(2), and upon the Special Master's recommendation, the Court sua sponte dismisses Y-City News's Complaint without prejudice. Court costs shall be absorbed by the Court. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed July 12, 2022**
**Sent to S.C. Reporter 8/4/22**