OPINION
{¶ 1} Defendant-Appellant Gretchen Lynn Kellhoff, aka Gretchen L. Kollhoff, appeals from an order overruling her post-trial "Motion of Defendant to Require the Plaintiffs to Pay the Costs of Illegal Quarantine of Companion Animals." Kollhoff contends that the trial court erred and abused its discretion by overruling that motion because the original "quarantine" order and the requirement that she pay the shelter fees for housing her dogs lacked any statutory basis and violated her basic constitutional rights. Kollhoff requests that this cause be remanded for determination of the party responsible for reimbursing her for the shelter fees, and an award of reasonable attorney's fees.
 {¶ 2} We conclude that the trial court properly overruled Kollhoff's post-trial motion requesting reimbursement of the "quarantine" fees. The trial court's "quarantine" order and the requirement that Kollhoff pay the fees associated therewith became the "law of the case" when the court entered Kollhoff's conviction on January 5, 2004. Kollhoff's post-trial motion is dependent upon the validity of her initial conviction, into which the prior order to pay the shelter fees had merged, and from which no notice of appeal was filed. When no appeal was taken from that judgment, it, and the prior, interlocutory orders merged into it, became final and the law of the case. Accordingly, the trial court did not err in denying the motion for an order directing reimbursement of the shelter fees Kollhoff was required to pay pursuant to the prior order, and the order denying the motion is Affirmed.
 {¶ 3}
 I {¶ 4} One day in May, 2003, Kollhoff's two companion Husky dogs escaped the confines of her home when her young daughter opened the garage door and mistakenly allowed both dogs outside. (Docket and Journal Entries, Doc. 53). The dogs were registered and licensed through Montgomery County, but neither were wearing their valid registration tags when they escaped. (Appellant brief, 3). While Kollhoff's dogs were at large, a small dog in the neighborhood was killed. (Doc., 14). Kollhoff's dogs were retrieved, returned to her that same day, and were ultimately deemed responsible for the death of the neighborhood dog. (Doc., 1-4). Kollhoff was charged with two counts of Vicious Dog (R.C.955.22(D)), two counts of Dogs at Large (R.C. 955.22), and two counts of Failure to Display tags (R.C. 955.10). Id.
 {¶ 5} Kollhoff filed a written plea of not guilty to these charges. (Doc., 9). The following day, the visiting judge presiding over the case issued a warrant for Kollhoff's arrest and entered a "quarantine" order stating, ". . . the two Huskies owned by Gretchen Lynn Kellhoff of 706 Jamestown, Miamisburg, Ohio, 45342 be taken and put under quarantine by the Montgomery County Animal Shelter and same be held at that shelter until further notice of this Court at the expense of the owner." (Doc., 12). The warrant for her arrest was cancelled due to the filing of her written appearance and plea of not guilty, but the "quarantine" order remained in effect. (Doc., 11). Two days after the initial incident occurred, both dogs were seized by a Montgomery County Animal Warden and taken to the Montgomery County Animal Shelter. (Doc., 53). The companion dogs were then held at the shelter pending Kollhoff's criminal proceedings and further notice of the trial court.
 {¶ 6} Kollhoff filed a "Motion to Vacate [Quarantine] Order and for Release of Dogs" citing the alleged lack of statutory authority for the "quarantine" order and the punitive nature of requiring Kollhoff to pay the associated shelter costs. (Doc., 14). Kollhoff's counsel agreed to withdraw this motion, provided that the trial in the case was expedited. (Doc., 44). The trial was set for August 6, 2003, but was continued at the request of the Plaintiff. (Doc., 44). In response to this continuance, Kollhoff filed a motion to reinstate her June 6, 2003 motion to vacate the "quarantine order" and for the release of the dogs.Id.
 {¶ 7} The case went to trial on September 17, 2003 and October 1, 2003. Id. In her post-trial brief, Kollhoff noted that the court had yet to rule on the previous motion to vacate the "quarantine" order. (Doc., 47). On January 5, 2004, the trial court found Kollhoff not guilty of the two counts of Vicious Dog (R.C. 955.22 (D)), but found her guilty of the remaining minor misdemeanor charges. She was ordered to pay fines totaling $642. The trial judge also ordered Kollhoff ". . . to pay to Montgomery County Animal Shelter the charges for boarding the dogs while at the shelter." (Doc., 51). No appeal was filed from her conviction and sentence or from the order to pay the shelter charges. Two days after her conviction and sentence, Kollhoff paid a total of $3, 614 to retrieve her dogs from the animal shelter. Six days later, on January 13, 2004, Kollhoff filed a post-trial motion requesting reimbursement of the "quarantine" fees she had paid. She contended that there was no statutory authority for the original "quarantine" order, which she contended amounted to an illegal conversion of her personal property and excessive fines (Doc., 53).
 {¶ 8} In October, 2004, the trial court overruled Kollhoff's post-judgment motion. From the order denying her motion, Kollhoff appeals.
 II {¶ 9} Kollhoff's First Assignment of Error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING THE DEFENDANT-APPELLANT'S POST-TRIAL MOTION CHALLENGING THE COURT'S ORDER THAT REQUIRED THE DEFENDANT-APPELLANT TO PAY THE COSTS OF AN ILLEGAL `QUARANTINE' OF COMPANION ANIMALS."
 {¶ 11} Kollhoff contends that the trial court erred in overruling her post-trial motion, thereby abusing its discretion and violating her Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution, and the Constitution of the State of Ohio. (Appellant brief, 6 9). She claims that the trial court's "quarantine" order lacked statutory authority under R.C. Chapter 955 and that her personal property was held unlawfully, constituting a conversion of that property. Id. at 6-7. Kollhoff further argues the required $3, 614 payment for the release of her dogs constituted an unconstitutional enhancement of her penalty under the minor misdemeanor statutes at issue and was, therefore, an abuse of discretion. Id. at 8. In her case, Kollhoff was required to pay approximately five times more for the release of her dogs than she paid in fines for her convictions and she claims this constituted a punishment disproportionate to the crime committed. Id. at 9.
 {¶ 12} Although the trial court may have abused its discretion in originally issuing the "quarantine" order, this Court will not address this issue because that order became final when the trial court entered Kollhoff's conviction. In this final entry, the trial judge implicitly overruled Kollhoff's pending motions to vacate the "quarantine" order and specifically ordered Kollhoff to pay the boarding fees for the dogs. No appeal was taken from this judgment, and two days later Kollhoff paid to retrieve her dogs from the Montgomery County Animal Shelter. Thereafter, she filed her post-judgment reimbursement motion.
 {¶ 13} App. R. 4 (A) provides that a party shall file a notice of appeal within thirty (30) days of the entry of the judgment or order appealed. To ultimately prevail in this appeal, Kollhoff would have to demonstrate that the trial court's final judgment on January 5, 2004, implicitly approving the "quarantine" and her payment of the shelter costs, was erroneous. However, Kollhoff did not appeal from that judgment, but instead paid her fine and shelter charges for the release of the dogs, only thereafter filing a post-trial motion for reimbursement of her expense. The "quarantine" order requiring Kollhoff to pay the shelter costs became the law of the case when the final judgment of conviction into which it merged became final, by virtue of Kolhoff's failure to appeal from that judgment.
 {¶ 14} The law-of-the-case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal question involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St. 3d 1, 3. The "law of the case" doctrine ". . . has been extended to encompass a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case." Poluse v. City ofYoungstown (1999), 135 Ohio App. 3d 720, 725. Accordingly, in overruling Kollhoff's post-trial motion for reimbursement, the trial court was bound by its prior order that Kollhoff pay the shelter fees, which became the law of the case when no appeal was taken either from the prior order, itself, or from the final judgment into which it merged. Therefore, the success of Kollhoff's post-trial motion depended upon the validity of the judgment entered on January 5, 2004, from which no appeal was taken. The trial court was bound to adhere to its own prior ruling as the law of the case, and appropriately followed that prior ruling and overruled Kollhoff's post-trial motion for reimbursement.
 {¶ 15} Kollhoff's sole assignment of error is overruled.
 III {¶ 16} Kollhoff's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Donovan, J., concur.