MEMORANDUM OPINION
{¶ 1} On August 9, 2006, appellant, 3740 Holding Trust, filed a notice of appeal from a July 12, 2006 entry of the Ashtabula County Court of Common Pleas.
 {¶ 2} In the July 12 judgment entry, the trial court overruled the objections to the confirmation of sale. The notice of appeal indicates that only "3740 Holding Trust" is appealing the trial court decision. The notice of appeal was filed by an attorney, who is licensed to practice law in the state of Ohio. On November 6, 2006, the appeal was dismissed for failure to prosecute. On November 15, defendant Gary Harris filed a motion to reconsider our judgment, which we construed as a motion to reinstate. On November 17, 2006, appellant's attorney filed a motion to withdraw from the case. This court granted the motion in an entry dated December 6, 2006. In that same entry, Mr. arrisHH Harris's motion to reinstate the appeal was granted and appellant, 3740 Holding Trust, was given thirty days to file its brief or give a notice of appearance of newly retained counsel.
 {¶ 3} On April 27, 2007, appellees, Austinburg Development Corporation, David C. Sheldon, and Have, Inc., filed a motion to dismiss the appeal. Appellee, Sartini Law Firm, filed a motion to strike and dismiss the appeal on May 1, 2007, incorporating the April 27, 2007 motion of the other appellees. In both motions, appellees allege that Gary Harris is not an attorney licensed or authorized to practice law in Ohio or any other state in the United States. Appellees further argue that Mr. Harris is not a party to this appeal. They contend that appellant had counsel during the trial court proceedings that also initially represented appellant on appeal, but who later withdrew. *Page 3 
 {¶ 4} On May 9, 2007 and May 10, 2007, respectively, Gary Harris filed an "Objection to [Appellees] Motion to Strike and Dismiss."
 {¶ 5} "Under Ohio law, a corporation can maintain litigation or appear in court only through an attorney admitted to the practice of law and may not do so through an officer of the corporation or some other appointed agent." Sheridan Mobile Village, Inc. v. Larsen (1992),78 Ohio App.3d 203, citing Union Sav. Assn. v. Home Owners Aid, Inc.
(1970), 23 Ohio St.2d 60. See, also, Smith v. Mighty Distributing ofS.W., PA, Inc., 11th Dist. No. 2004-T-0056, 2005-T-689, 2005 WL 820535.
 {¶ 6} Consequently, appellant cannot maintain an appeal through the representation of Mr. Harris, a non-attorney. Mr. Harris lacks standing to appeal the judgment entered against appellant, as that corporate entity can only maintain an appeal through a licensed practicing attorney. Barr v. Intermark International, Inc. (Aug. 28, 1992), 2d Dist. Nos. 91-CA-16 and 91-CA-20; Palmer v. Westmeyer (1988),48 Ohio App.3d 296. Mr. Harris is not a licensed practicing attorney, and thus, cannot maintain an appeal on behalf of appellant.
 {¶ 7} Based upon the foregoing analysis, appellees' motions to dismiss are granted.
 {¶ 8} Appeal dismissed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1