MEMORANDUM OPINION
{¶ 1} On May 22, 2008, appellant, H. Stanley Gass, d.b.a. Adept Contractor Services LLC, pro se, filed a notice of appeal from a May 9, 2008 judgment entry of the Geauga County Court of Common Pleas.
 {¶ 2} In the May 9, 2008 entry, the trial court ordered that the motion to strike appellant's complaint filed by appellee, Headlands Contracting Tunneling, Inc., would *Page 2 
be granted unless licensed counsel entered an appearance on behalf of appellant within twenty-one days. It is from that entry that appellant filed the notice of appeal.
 {¶ 3} On June 12, 2008, Headlands filed a motion to dismiss the appeal arguing that appellant, as a limited liability company, is prohibited from representing itself pro se in this appeal. Headlands also alleges that this appeal was prematurely filed in advance of the entry of a final appealable order.
 {¶ 4} On June 17, 2008, H. Stanley Gass filed a "Motion to Strike and/or Dismiss Defendant-Appellee's Motion to Strike and/or Dismiss Appeal."
 {¶ 5} This court, along with other courts, have "consistently held that pursuant to R.C. 1925.17, outside of small claims court, an individual, including a corporate officer, who is not an attorney, may not appear in court or maintain litigation in propria persona on behalf of a corporation." Smith v. Mighty Distributing of S.W., PA, Inc., 11th Dist. No. 2004-T-0056, 2005 Ohio App. LEXIS 1619, 2005-Ohio-1689, at ¶ 10, citing to Union Sav. Assn. v. Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60, syllabus; Harvey v. Austinburg Dev. Corp., 11th Dist. No. 2006-A-0044, 2007 Ohio App. LEXIS 2779, 2007-Ohio-3025, at ¶ 5. See, also, Sheridan Mobile Vill., Inc., v. Larsen (1992), 78 Ohio App.3d 203,205. Hence, any filing by a non-attorney on a corporation's behalf is a nullity and may be stricken from the record. Union Sav. at 64.
 {¶ 6} Consequently, appellant cannot maintain an appeal through the representation of Mr. Gass, a non-attorney. Mr. Gass lacks standing to appeal the judgment entered against appellant, as that corporate entity can only maintain an appeal through a licensed practicing attorney.Barr v. Intermark International, Inc. (Aug. 28, 1992), 2d Dist. Nos. 91-CA-16 and 91-CA-20, 1992 Ohio App. LEXIS 4370, at *5; *Page 3 Palmer v. Westmeyer (1988), 48 Ohio App.3d 296. Mr. Gass is not a licensed practicing attorney, and thus, cannot maintain an appeal on behalf of appellant.
 {¶ 7} Furthermore, the trial court has not entered an entry granting Headlands' motion to strike or a final appealable order dismissing the proceedings below. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. Pursuant to R.C. 2505.02(B), there are five categories of a "final order," and if a trial court's judgment satisfies any one of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals.
 {¶ 8} R.C. 2505.02(B) states, in part, that:
 {¶ 9} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. *Page 4 
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 17} (6) An order determining the constitutionality of any changes to the Revised Code * * *."
 {¶ 18} Here, at this point, there is no order issued by the trial court that fits within any of the categories of R.C. 2505.05. Therefore, this court does not have jurisdiction to hear this appeal as it is premature.
 {¶ 19} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is dismissed due to lack of jurisdiction.
 {¶ 20} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY O'TOOLE, J., dissents. *Page 1