MEMORANDUM OPINION
{¶ 1} This appeal is presently before this court for consideration of the motion to dismiss of appellees, Marlene Harris and Totus Tuus, L.L.C. As the primary basis for *Page 2 
their motion, appellees contend that the matter cannot go forward because Gary Harris, appellant ("Harris"), does not have proper standing to maintain the appeal on behalf of two trust companies. Specifically, they submit that Harris cannot represent the interests of the companies because he is not a licensed attorney in this state. For the following reasons, this court concludes that the motion to dismiss has merit.
 {¶ 2} The subject matter of the underlying civil action concerned the ownership of various tracts of land in Ashtabula County, Ohio. After Tamara Kessler had brought a complaint against appellees to quiet title in the properties, appellees filed a third-party complaint against Harris and three other parties. In referring to Harris in the caption of their complaint, appellees indicated that Harris had been conducting business under the names of certain companies, including 3740 Holding Trust and Jefferson Investments.
 {¶ 3} During the ensuing litigation, Harris filed multiple pro se submissions that addressed the final merits of the entire action. As part of his submissions, Harris would discuss the position or legal status of 3740 Holding Trust and Jefferson Investments in the underlying facts of the matter. However, our review of the trial record readily shows that Harris did not attempt to represent those two companies in the action; instead, the separate interests of the companies were represented by Attorney Jeffrey A. Kurz. That is, all submissions on behalf of 3740 Holding Trust and Jefferson Investments were filed by Attorney Kurz. As to the latter point, this court would note that, even though Attorney Kurz did ultimately withdraw as counsel for the companies, his withdrawal did not occur until he had filed all necessary submissions for the trial court to proceed on the pending motions for summary judgment.
 {¶ 4} The trial court's final judgment concerning Harris and the two companies *Page 3 
was rendered on February 9, 2007. As to 3740 Holding Trust, the trial court essentially held that any interest the company may have had in the disputed properties had been resolved as part of a Cuyahoga County divorce proceeding; accordingly, the trial court granted summary judgment in favor of appellees regarding all pending claims between them and 3740 Holding Trust. A similar decision was also entered in favor of appellees in relation to all claims between them and Harris. As to Jefferson Investments, the trial court granted appellees' motion to strike all pleadings filed for the company, based upon the conclusion that the company had failed to attach the proper evidentiary materials to establish any interest in the disputed properties.
 {¶ 5} After the trial court had rendered subsequent judgments which disposed of the remaining claims in the action, Harris filed three notices of appeal from the February 9, 2007 judgment. On each notice, Harris indicated that he was appealing as the "alter ego" of one of various companies referenced in the caption of the third-party complaint. Two of the companies cited on the three notices were 3740 Holding Trust and Jefferson Investments.
 {¶ 6} In conjunction with his third notice of appeal, Harris submitted his brief on the final merits of the entire appeal. A review of this brief demonstrates that, although Harris was a separate party to the underlying action, he has not raised any argument as to his own personal interest in the subject properties. Rather, his brief only asserts legal arguments pertaining to the interests of 3740 Holding Trust and Jefferson Investments. Under the first assignment, Harris contends that the trial court erred in holding that any claim of 3740 Holding Trust to the subject properties was barred under the doctrine of res judicata. Under the second, he argues that the fact that Jefferson Investments did *Page 4 
not attach a copy of its mortgage lien to its pleadings was not a proper reason to strike those documents from the trial record.
 {¶ 7} In light of the nature of the foregoing arguments, appellees submit that it is apparent that, in bringing the instant appeal, Harris was not acting on his own behalf, but solely on behalf of the two companies. Appellees further submit that his actions for the companies are impermissible because he is not a licensed attorney in Ohio.
 {¶ 8} The prior precedent of this court readily supports appellees' contention as to the means by which a corporation can be represented in a legal action. In Harvey v. Austinburg Development Corp., 11th Dist. No. 2006-A-0044, 2007-Ohio-3025, we held that a corporate officer or appointed agent cannot maintain any litigation on behalf of a corporation; instead, such an entity can only appear in court through an attorney who has been admitted to practice in our state. We have further stated that a non-attorney does not have the requisite standing to represent a corporation, and that any filing by a non-attorney is viewed as a legal nullity. Gass v. Headlands Contracting Tunneling,Inc., 11th Dist. No. 2008-G-2841, 2008-Ohio-6057, at ¶ 5-6.
 {¶ 9} In basically arguing that the foregoing case law should be followed in this instance, appellees have asserted that: (1) Harris is not licensed to practice law; and (2) both 3740 Holding Trust and Jefferson Investments are corporations. In relation to the first point, this court would indicate that Harris did not submit a response to appellees' motion to dismiss; accordingly, he has not attempted to challenge the assertion that he is not a licensed attorney. Furthermore, our review of Harris' various filings at the trial and appellate levels shows that he has never designated himself as a licensed attorney.
 {¶ 10} As to the second point, we would reiterate that, before the trial court, 3740 *Page 5 
Holding Trust and Jefferson Investments were represented by separate legal counsel during the entire proceeding. To the extent that Harris did not try to cover the interests of the two companies as part of his pro se submissions, he treated the companies as if they were corporate entities which required separate legal representation. In addition, we would again emphasize that, before us, Harris has not tried to refute the assertion concerning the corporate status of the companies. Therefore, the materials before this court support the conclusion that Harris lacks proper standing to act as counsel for 3740 Holding Trust and Jefferson Investments.
 {¶ 11} As was noted above, Harris was a party to the underlying action and, thus, had the right to pursue an appeal on his own behalf. However, in maintaining this appeal, he has only sought to protect the legal rights of the two companies. Since his actions for the companies constitute an illegal practice of law, his submissions, including the brief and notices of appeal, must be deemed null and void. As a result, this appeal cannot go forward on the merits.
 {¶ 12} Pursuant to the foregoing analysis, appellees' motion to dismiss is hereby granted. It is the order of this court that the instant appeal is dismissed in its entirety.
MARY JANE TRAPP, P.J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1