[Cite as *Chad M. Leonard Holdings, Inc. v. Rohaley*, 2023-Ohio-4096.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| CHAD M. LEONARD HOLDINGS, INC., et al., | **CASE NOS. 2022-L-118** **2022-L-119** **2022-L-120** **2022-L-121** |
| Plaintiffs-Appellants, | |
| PARTS PRO AUTOMOTIVE WAREHOUSE, | Civil Appeals from the Court of Common Pleas |
| Plaintiff-Appellee, | |
| - vs - | Trial Court Nos. 2015 CV 001937 2016 CV 000126 2017 CV 000595 2020 CV 001120 |
| ALBERT C. ROHALEY, et al., | |
| Defendants-Appellees, | |
| ROHALEY'S AUTO & TRUCK REPAIR LLC, | |
| Third Party Defendant-Appellee. | |

---

## O P I N I O N

Decided: November 13, 2023
Judgment: Affirmed

---

*Peter D. Traska* and *Michelle L. Molzan-Traska*, Traska Law Firm, LLC, 4352 Pearl Road, Suite A, Cleveland, OH 44109 (For Plaintiffs-Appellants).

*Donald A. Mausar*, Weltman, Weinberg & Reis Co., LPA, 965 Keynote Circle, Cleveland, OH 44131 (For Plaintiff-Appellee).

*Shawn W. Maestle* and *Robert E. Goff, Jr.*, Weston Hurd LLP, 1300 East 9th Street, Suite 1400, Cleveland, OH 44114 (For Defendants-Appellees).

*Peter Turner*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 600, Cleveland, OH 44122 (For Third Party Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellants, Chad M. Leonard Holdings, Inc. ("CMLH") and Chad M. Leonard ("Leonard"), collectively "appellants," appeal the following trial court judgments: the November 8, 2022 judgment entry following a bench trial, the August 31, 2021 judgment entry denying appellants' partial motion for summary judgment to establish ownership of Rohaley & Son Automotive, Inc. ("R&S"), the November 6, 2019 judgment entry denying appellants' motion for summary judgment, the entry dated September 5, 2019 permitting Attorney Lisa Summers ("Summers") to withdraw as counsel for R&S, and the judgment entry dated May 18, 2021 granting summary judgment on behalf of Summers on the legal malpractice claim. For the following reasons, we affirm.

{¶2} Factually, CMLH entered into an agreement with Albert C. Rohaley ("Rohaley"). CMLH provided $57,994.84 at 5% interest per annum as a start-up business loan to open an automotive business, R&S. The business address was 8654 Twinbrook Road, Mentor, Ohio. The agreement of the parties set forth a fifty-fifty ownership of R&S until the business loan was paid in full. Upon payment of the loan in full, the company would be owned equally by Leonard, Rohaley, and Rohaley's son, Alec Rohaley ("Alec"). Stocks were issued in the amount of 250 shares to Leonard, 250 to Rohaley, and 250 to R&S. Rohaley and R&S subsequently pledged their shares to CMLH.

{¶3} The relationship between Rohaley and Leonard began to sour shortly after R&S began operations in January 2014. The fallout between Leonard and Rohaley, and the ultimate collapse of R&S, resulted in four separate civil cases: 2015 CV 1937, 2016 CV 0126, 2017 CV 0595, 2020 CV 1120, which were consolidated in the Lake County Court of Common Pleas.

2

## Case No. 2015 CV 1937

{¶4} On November 6, 2015, CMLH filed a civil complaint against Rohaley and R&S alleging breach of contract, unjust enrichment, and transfer of assets. The Complaint purported that CMLH provided a startup loan which paid for equipment and tools for the business which had never been repaid by Rohaley. CMLH sought repayment of the loan with interest and the transfer of Rohaley's assets and shares to CMLH.

## Case No. 2016 CV 0126

{¶5} Less than three months later, on January 22, 2016, Leonard, personally, along with CMLH, filed suit against Rohaley and R&S for misappropriation and conversion, ultra vires activity by Rohaley in relation to employment of Alec, failure to distribute profits, failure to pay consulting fees, failure to provide an accounting and provide access to account information, and breach of fiduciary duty. In this action, appellants sought a full accounting of all financial activities, appointment of a receiver, judicial dissolution of R&S, and injunctive relief.

{¶6} This case was consolidated with the 2015 case on March 7, 2016.

{¶7} On May 24, 2016, a stipulated preliminary injunction was granted restraining all parties from taking any action contrary to the best interest of R&S. This preliminary injunction resulted in a finding of civil and criminal contempt against Rohaley.

## Case No. 2017 CV 0595

{¶8} On April 17, 2017, Parts Pro Automotive Warehouse ("Parts Pro") filed a civil complaint against Leonard and R&S to collect $13,545.68 due and owing according to a business credit agreement executed between Parts Pro and R&S. Leonard personally guaranteed payment in full to Parts Pro. R&S, Summers, filed a cross-claim

3

against Leonard. R&S sought that Leonard be jointly and severally liable to Parts Pro, and be ordered to indemnify and hold harmless R&S, and to contribute to the payment of any judgment taken against R&S.

{¶9} Leonard, as an individual, filed a counterclaim against Parts Pro for breach of contract and a cross-claim against R&S seeking indemnification, contribution, and for violation of the Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01 et seq.

{¶10} On August 28, 2017, Leonard, as an individual, filed a third-party complaint against Rohaley's Auto & Truck Repair, LLC ("RATR") asserting tortious interference with business expectancies/contracts and violation of the Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01 et seq. He also filed a third-party complaint against Albert C. Rohaley for indemnification, contribution, violation of the Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01 et seq., tortious interference, and fraud.

{¶11} Parts Pro filed their motion for summary judgment on October 31, 2017.

{¶12} RATR filed their motion for summary judgment on December 28, 2017, as to the third-party complaint filed by Leonard. Albert C. Rohaley also filed a motion for summary judgment on the third-party complaint on April 30, 2018.

{¶13} On May 31, 2018, Parts Pro was granted summary judgment on their claim against Leonard in the sum of $13,545.68 plus interest at 24% per annum and on Leonard's counterclaim. R&S, through Summers, entered into an agreement to pay Parts Pro $13,545.68 plus interest at 6% per annum. The remaining motions for summary judgment were denied.

{¶14} This case was consolidated with the 2015 and 2016 cases on July 23, 2018.

4

*Case No. 2020 CV 0120*

{¶15} On September 4, 2020, CMLH and Leonard filed a verified complaint for damages arising out of legal malpractice against Summers. The complaint alleged legal malpractice regarding the joint representation of R&S and Albert C. Rohaley in the above-mentioned cases. This case was consolidated with Case No. 2015-CV-1937 on November 10, 2020.

{¶16} On May 18, 2021, the trial court granted summary judgment in favor of Summers concluding that the motion for enlargement of time and motion to withdraw filed by Summers on August 12, 2019, triggered the one-year statute of limitations for filing a legal malpractice claim. In so doing, the trial court determined that the complaint filed on September 4, 2020, was filed outside of the statutory period to bring a legal malpractice claim.

### *Bench Trial*

{¶17} A bench trial was held on the remaining claims which were as follows:

{¶18} CMLH's claims against Rohaley and R&S for: 1) breach of contract; 2) unjust enrichment; and 3) transfer of assets as asserted in Case No. 2015 CV 1937.

{¶19} CMLH's and Leonard's claims against Rohaley and R&S for 1) misappropriation; 2) conversion; 3) ultra vires activity by Rohaley in relation to employment of Alec; 4) failure to distribute profits; 5) failure to pay consulting fees; 6) failure to provide an accounting and provide access to account information; 7) breach of fiduciary duty; 8) judicial dissolution; and, 9) injunctive relief as asserted in Case No. 2016 CV 0126.

{¶20} The remaining claims asserted in Case No. 2017 CV 0595 which were:

**{¶21}** R&S's cross-claim against Leonard for 1) joint and several liability; 2) indemnification; and 3) contribution.

**{¶22}** Leonard's cross-claim against R&S for 1) indemnification; 2) contribution; and 3) violation of the Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01 et seq.

**{¶23}** Leonard's third-party complaint against RATR for 1) tortious interference with business expectancies/contracts; and 2) violation of the Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01 et seq.

**{¶24}** Leonard's third-party complaint against Rohaley for 1) indemnification; 2) contribution; 3) violation of the Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01 et seq.; 4) tortious interference; and 5) fraud.

**{¶25}** Rohaley's counterclaim against Leonard for indemnification.

**{¶26}** A bench trial was conducted on October 12, 2021,October 13, 2021, and February 15, 2022. Leonard, Rohaley, and Alec offered testimony. The trial court admitted the following exhibits: Appellants' 1-23, 25-43, RATR's A-G[1], and Rohaley's R33-R55. Parties submitted proposed findings of fact and conclusions of law and were permitted to supplement those filings after trial.

**{¶27}** As to the claims by CMLH in 2015 CV 1937, the trial court held that: "[CMLH] has failed to prove breach of contract and unjust enrichment against Albert C. Rohaley. [CMLH] has proven breach of contract against [R&S] for the start-up loan in the amount of $57,994.84 plus interest at the rate of 5.00% per annum, for which judgment is hereby

---

1. The trial court indicated that Exhibits A-G were introduced by Rohaley & Son Automotive, Inc's in the judgment entry; however, the exhibits were introduced by RATR.

Case Nos. 2022-L-118, 2022-L-119, 2022-L-120, 2022-L-121

entered.* * * Judgment be and is hereby rendered in favor of [Rohaley] * * * on [CMLH's] claims for breach of contract, unjust enrichment, and to transfer assets."

{¶28} As to the claims asserted by CMLH and Leonard in 2015 CV 1937, the trial court held that: "Judgment be and is hereby rendered in favor of [Rohaley] and [R&S] and against [appellants] on their claims for misappropriation and conversion, ultra vires activity by [Rohaley] in relation to the employment of * * * Alec * * *, failure to distribute profits, failure to pay consulting fees, failure to provide an accounting and provide access to account information, and breach of fiduciary duty." Specifically, the trial court determined that appellants "failed to prove any of the specific claims they raised against defendants by the preponderance of the evidence."

{¶29} In regard to Case No. 2017 CV 0595, the trial court concluded that appellants had "failed to prove any fraud or dishonesty" on the part of Rohaley or Alec. The trial court further concluded that Leonard lacked standing to assert a claim against RATR for tortious interference of business expectancies/contracts and that Leonard presented no evidence to establish "any transfer of assets of R&S to RATR." The trial court also concluded that Leonard is not entitled to repayment of the loan from Rohaley. The court noted "[t]he business failed, and the failure cannot be attributed solely to the action or inaction of [Rohaley]. All parties provided full consideration towards the enterprise, including in-kind contributions, and [Rohaley] provided his shares of shock." The trial court also concluded that Leonard lacked standing to assert claims against RATR as a matter of law.

Case Nos. 2022-L-118, 2022-L-119, 2022-L-120, 2022-L-121

{¶30} R&S was effectively dissolved, and any assets and inventory stored in the storage unit were ordered to be turned over to Parts Pro to be sold to satisfy the judgment Parts Pro obtained in Case No. 2017 CV 0595.

{¶31} CMLH and Leonard now appeal from several judgments and raise the following assignments of error:

{¶32} [1] "The trial court erred in permitting corporate counsel to withdraw without ensuring that the corporation remain represented;"

{¶33} [2] "The trial court erred by denying the appellants' 2021 motion for partial summary judgment as to ownership of R&S;"

{¶34} [3] "The trial court erred by holding that appellants' and the corporation's limitation period to sue [Summers] ran from the date she moved for leave to withdraw;"

{¶35} [4] "The trial court erred by disregarding its own previous findings in contempt proceedings following the entry of the stipulated preliminary injunction;"

{¶36} [5] "The trial court erred in holding that Chad Leonard lacked standing to pursue claims against RATR;" and,

{¶37} [6] "The trial court's finding that there was no fraudulent transfer is unsupported by the factual record."

{¶38} Summers filed an answer brief responding to CMLH's third assignment of error. RATR filed an answer brief in response to CMLH's fourth, fifth, and sixth assignments of error. Neither Parts Pro nor Albert Rohaley have participated in this appeal.

{¶39} In their first assignment of error, appellants assert that the trial court erred in allowing Summers to withdraw as counsel for R&S without ensuring that the corporation

8

remained represented. Appellants maintain that the trial court should have either determined ownership of R&S to allow for the selection of new counsel or appointed a receiver under R.C. 2735.01.

{¶40} We review a trial court's decision on a motion to withdraw as counsel under an abuse of discretion standard. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, ¶ 135. Likewise, we review a trial court's decision regarding appointment of a receiver under that same standard. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62, 66 (1991). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Cunning v. Windsor House, Inc.*, 11th Dist. No. 2022-T-0021, 2023-Ohio-352, 208 N.E.3d 246, ¶ 43, appeal not allowed, 170 Ohio St.3d 1430, 2023-Ohio-1665, 209 N.E.3d 721, ¶ 43, reconsideration denied, 170 Ohio St.3d 1494, 2023-Ohio-2407, 212 N.E.3d 953, ¶ 43, citing *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.2004). When reviewing a trial court's decision under the abuse of discretion standard, we are precluded from substituting our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶41} This Court has held that "pursuant to R.C.1925.17, outside of small claims court, an individual, including a corporate officer, who is not an attorney, may not appear in court or maintain litigation in propria persona on behalf of a corporation." *Gass v. Headlands Contracting & Tunneling, Inc.*, 11th Dist. Geauga No. 2008-G-2841, 2008-Ohio-6057, ¶ 5, citing *Smith v. Mighty Distributing of S. W., PA, Inc.*, 11th Dist. No. 2004-T-0056, 2005 Ohio App. LEXIS 1619, 2005 WL 820535, 2005-Ohio-1689, at ¶ 10, *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 262 N.E.2d 558, syllabus;

9

*Harvey v. Austinburg Dev. Corp.*, 11th Dist. No.2006-A-0044, 2007 Ohio App. LEXIS 2779, 2007-Ohio-3025, at ¶ 5, 2007 WL 1731768. R&S was represented by counsel until Summers sought to withdraw on August 12, 2019. The trial court, in granting the motion to withdraw and the motion for enlargement of time filed by Summers, provided Rohaley and R&S instructions on retaining counsel and deadlines to do so. Counsel was never retained for Rohaley or R&S.

{¶42} This matter proceeded to trial on October 12, 2021, with R&S unrepresented and Rohaley appearing pro se. There were no objections by any of the parties on the record prior to the start of trial regarding the corporation's lack of representation. However, the issue of ownership and the corporation's lack of counsel was raised prior to trial in appellants' partial motion for summary judgment which was denied by the trial court.

{¶43} R&S ceased operations in November 2016. Any property belonging to the corporation was secured until the disposition of these cases. As penned by Judge Collins in his December 23, 2016 Judgment Entry, the corporation was labeled an "empty shell."

{¶44} R&S had representation until Summers withdrew on August 12, 2019. R&S ceased to exist as a business prior to Summers' departure and well before the case made it to trial. appellants argue that the trial court should have appointed a receiver in this case. We disagree. The trial court took a number of steps to maintain the status quo. The trial court held Rohaley in contempt when he did not comply with the court order, and eventually awarded appellants "sole possession of all property of [R&S]" on January 31, 2020. Upon review of the record, the trial court did not abuse its discretion when it did not appoint a receiver.

10

**{¶45}** Civ.R. 61 provides in relevant part:

> * * * [N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, *unless refusal to take such action appears to the court inconsistent with substantial justice.* The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. (Emphasis added).

**{¶46}** While R&S did not have representation after August 12, 2019, including during trial, Rohaley, Leonard and CMLH, the only potential shareholders of the obsolete corporation, were present for and participated in the trial. R&S was rendered obsolete and existed in name only at the time of the proceedings. No assets remained. As such, any error regarding the representation, or lack of representation, of [R&S], was harmless. The first assignment of error as raised by appellants is without merit.

**{¶47}** In the second assignment of error, CMLH asserts the trial court erred when it denied CMLH's motion for partial summary judgment as to ownership of R&S.

**{¶48}** "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law,' i.e., when 'reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.' Civ.R. 56(C)." *Ellis v. Skinner*, 11th Dist. Geauga No. 2022-G-0043, 2023-Ohio-2032, ¶ 13. We review summary judgment de novo. *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, 131 N.E.3d 12, ¶ 6. "'A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial

court's decision.'" *Ellis, supra,* citing *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, 2011 WL 5028693, ¶ 27.

{¶49} CMLH and Leonard filed two separate motions for partial summary judgment which sought a determination from the trial court as to the ownership of R&S. The first motion was filed on August 16, 2019, and the second was filed on August 2, 2021. Appellants assign error to the denial of their 2021 request.

{¶50} In denying the request to name CMLH and Leonard as the sole owners of R&S, the trial court concluded that genuine issues of material fact remained as to the ownership of the corporation. The trial court determined that appellants' own evidence in support of their motion contradicted their position. Specifically, the trial court concluded that while the stock registry indicated that Rohaley and R&S transferred their stock to CMLH on December 9, 2013, the partnership agreement executed on the same date indicated that that Rohaley and CMLH were equal owners of the company. Considering this contradictory evidence, the trial court denied the partial motion for summary judgment filed by appellants. But, after the bench trial, the trial court determined ownership in appellants' favor.

{¶51} Generally, "the denial of a motion for summary judgment is not a point of consideration in an appeal from a final judgment entered following a trial on the merits." *Urso v. Compact Cars, Inc.*, 11th Dist. Trumbull No. 2006-T-0062, 2007-Ohio-4375, ¶ 69, citing *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156 (1994). Any potential error at the summary judgment stage in determinations of genuine issues of material fact, may become moot or harmless after a trial. *Id.* In contrast, alleged errors in a ruling denying a motion for summary judgment based on legal grounds does not become moot

12

or rendered harmless by a subsequent trial. *Hurton v. Boyer*, 11th Dist. Trumbull No. 2019-T-0086, 2020-Ohio-2790, ¶ 29-30 citing, *Continental, supra,* at 158.

**{¶52}** In the instant case, appellants sought partial summary judgment as to ownership. The trial court concluded, and we agree, that genuine issues of material fact remained due to the conflicting evidence submitted by appellants at the summary judgment stage. After a three-day trial, the trial court ultimately provided the ruling which appellants had sought, and identified CMHL and Leonard as the owners of R&S.

**{¶53}** Appellants do not argue that the trial court's determination was error, but instead allege that the trial court should have made the determination sooner. While an earlier ruling as to ownership was desired by appellants, the issue as to ownership was rendered moot when ownership was determined after trial. *Urso, supra,* at ¶ 69.

**{¶54}** It is well established that courts do not answer moot questions or give advisory opinions. *In re Johnson*, 11th Dist. Ashtabula No. 2004-A-0060, 2004-Ohio-6340, ¶ 9, citing *Cincinnati Metro. Housing Auth. v. Cincinnati Dist. Council No. 51* (1969), 22 Ohio App.2d 39, 43, 257 N.E.2d 410; *Egan v. National Distillers & Chemical Corp.* (1986), 25 Ohio St.3d 176, 495 N.E.2d 904, syllabus. In *State v. Economos,* 11th Dist. Trumbull No. 2004-T-0124, 2005-Ohio-5605, this Court noted:

> 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not

13

Case Nos. 2022-L-118, 2022-L-119, 2022-L-120, 2022-L-121

proceed to a formal judgment, but will dismiss the appeal. * * *'

*Mills v. Green* (1895), 150 U.S. 651, 653.

{¶55} As the issue of ownership was decided in appellants favor after trial, the claim raised regarding the denial of the partial motion for summary judgment is moot. This Court will not give an opinion on a moot question; therefore, the second assignment of error is overruled.

{¶56} In the third assignment of error, appellants assert that the trial court erred by granting summary judgment in favor of Summers on the legal malpractice claim in Case No. 2020-CV-1120. Specifically, the trial court held that the limitation period to sue Summers began when she filed the motion for leave to withdraw and a motion for enlargement of time to file on behalf of R&S and Rohaley on August 12, 2019.

{¶57} As noted above, we review summary judgment de novo. *Fradette v. Gold*, 157 Ohio St.3d 13, ¶ 6.

{¶58} Appellants argue that the trial court erred in granting summary judgment in favor of Summers by determining that the limitation period to sue Summers had expired, or in the alternative, by failing to find the limitation period was tolled.

{¶59} R.C. 2305.11(A) provides in relevant part: "an action for legal malpractice against an attorney or a law firm or legal professional association * * * shall be commenced within one year after the cause of action accrued."

{¶60} "'Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against

14

the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.'" *Biddle v. Maguire & Schneider, L.L.P.*, 11th Dist. Trumbull No. 2003-T-0041, 2003-Ohio-7200, ¶ 18, citing *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus.

**{¶61}** This Court recognized in *Duvall v. Manning*, 11th Dist. Lake No. 2010-L-069, 2011-Ohio-2587, "the date on which the attorney-client relationship terminated is determined by the conduct of the parties. As a result, the date on which appellees' motion to withdraw was filed or granted is irrelevant to the analysis."

**{¶62}** The trial court determined that Summers' "motion for enlargement of time was a clear and unambiguous act that terminated the relationship with [R&S]. * * * The certificate of service indicates that it was served on Albert Rohaley individually and as President of [R&S], and on counsel for Chad Leonard and [CMLH]. Therefore, all parties with a potential ownership interest in [R&S] received notice of the termination of the attorney-client relationship." In other words, the trial court determined that CMLH and Leonard had notice of the termination on August 12, 2019. As such, CMLH had until August 12, 2020 to bring a legal malpractice claim.

**{¶63}** The Complaint was filed on September 4, 2020, more than one year after the attorney-client relationship had terminated between Summers and R&S. As such, the Complaint was barred by the statute of limitations. Therefore, the trial court appropriately granted summary judgment in favor of Summers.

**{¶64}** Appellants' third assignment of error is without merit.

**{¶65}** Appellants' fourth assignment of error alleges that the trial court erred by disregarding previous findings in the contempt proceedings. Specifically, appellants

15

argue that the trial court "effectively vacated" its own judgments against Rohaley and R&S.

{¶66} Civ.R. 65 (B)(2) provides in relevant part: "any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial." Appellants construe this to mean that the trial court is bound by the contempt findings made prior to the trial. We disagree.

{¶67} The Supreme Court of the United States has noted that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch* (1981), 451 U.S. 390, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175. In other words, preliminary injunctions serve a limited purpose.

{¶68} "Given this limited purpose, a preliminary injunction is 'customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits,' and thus a party 'is not required to prove his case in full at a preliminary-injunction hearing.'" *City of Bexley v. Duckworth*, 10th Dist. Franklin No. 99AP-414, 2000 WL 249121, *4, citing *Camenisch, supra.* "[F]indings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits. (Citations omitted)." *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, 172 N.E.3d 935, ¶ 57, aff'd sub nom.

{¶69} After the stipulated injunction was filed, appellants filed a motion for continuing contempt. On December 23, 2016, the trial court granted the motion on an emergency basis. In so doing, the trial court made several orders and held the rest in

abeyance pending a formal hearing. The orders included: that rent be withdrawn from the corporate account, that Leonard be permitted to remove the assets of R&S, create a video of the removal, and store removed items at a separate location. Judge Collins concluded this entry by stating" the issue of who is responsible for all costs associated with the dictates of this court in this judgment entry shall be addressed at a later hearing scheduled by this court."

{¶70} Also on December 23, 2016, Judge Collins found Rohaley guilty of criminal contempt and civil contempt. The court ordered Rohaley to spend 15 days in jail on criminal contempt. The court further stated that Rohaley could purge himself of the civil contempt if he reimbursed the corporation the following amounts: $8,000.00 which was paid to Lisa Summers, $3,845.50 which was paid to Skoda Minotti, and $879.88 which was paid to A-1 Furniture. The total due to be reimbursed amounted to $12,725.38. Rohaley was also required to deposit the proceeds of the vehicles sold, or in the alternative, provide proof that the purchase price of the vehicle and any parts and labor used to repair them came from his own funds as opposed to those of R&S. Rohaley was also ordered to provide an inventory of the tools and parts along with their purchase cost that was transferred to RATR. Failure to do so would result in 30 days in jail.

{¶71} On January 31, 2020, Judge Lucci granted appellants' motion to enforce/impose civil contempt findings and stated that Rohaley was to serve 30 days in jail unless he purged himself of the contempt by complying with Judge Collins's order of December 23, 2016.

17

**{¶72}** Appellants allege that the trial court was bound by its prior findings on contempt. Specifically, appellants state "the court should have ordered Mr. [Albert] Rohaley to reimburse the sums Judge Collins had already added up."

**{¶73}** "The law-of-the-case doctrine provides that 'the decision of a reviewing court in a case remains the law of that case on the legal question involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410." *State v. Kollhoff*, 2nd Dist. Montgomery No. 20807, 2005-Ohio-4599, ¶ 14. The "law of the case" doctrine includes "a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case." *Id.*, citing *Poluse v. City of Youngstown* (1999), 135 Ohio App.3d 720, 725, 735 N.E.2d 505.

**{¶74}** "The issue of whether * * * the law of the case doctrine, applies in a particular situation is a question of law that is reviewed under a de novo standard." *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 11th Dist. No. 2005-T-0043, 166 Ohio App.3d 268, 2006-Ohio-2018, 850 N.E.2d 127, ¶ 15, citing *Akron v. Holland Oil Co.*, 149 Ohio App.3d 14, 2002-Ohio-4150, 775 N.E.2d 573, at ¶ 27 (law of the case doctrine).

**{¶75}** Neither RATR nor Alec were found to be in contempt and were not participants in the case at the time of Judge Collins's order. As such, the order can only be construed as to Rohaley.

**{¶76}** Rohaley represented himself pro se at trial. At the conclusion of the trial proceedings, the trial court determined that the evidence did not support any of the claims against Rohaley. As such, no damages were awarded on those claims.

Case Nos. 2022-L-118, 2022-L-119, 2022-L-120, 2022-L-121

{¶77} Appellants argue that Judge Lucci was bound by Judge Collins's findings of unauthorized expenditures. Judge Collins reviewed the evidence submitted as it related to actions in violation of the injunction. The amounts calculated in that entry on contempt were regarding expenditures that violated the injunction. Those findings were not on the merits of CMLH's or Leonard's claims.

{¶78} Appellants have provided no authority to support the position that findings on contempt become final determinations either as to the merits of the claim or as to damages after a trial. Finally, even if the findings were to be construed as damages, reimbursement was ordered to be made to the corporation for the unauthorized expenditures made in violation of the preliminary injunction, not to Leonard, individually, or to CMLH.

{¶79} As such, appellants fourth assignment of error is without merit.

{¶80} In the fifth assignment of error, appellants allege that the trial court erred in holding Leonard lacked standing to pursue claims against RATR. We disagree.

{¶81} The case in which RATR was named as a defendant related to the third-party complaint filed by Leonard in Case No. 2017 CV 0595.

{¶82} When determining whether a plaintiff has standing to assert a claim, an appellate court will review de novo. *Trickett v. Masi*, 11th Dist. Portage No. 2018-P-0006, 2018-Ohio-4270, ¶ 18, citing *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, at ¶ 23. "A lack of standing defense may be raised at any time during the proceedings, but it does not affect the subject-matter jurisdiction of a court nor can it be used to collaterally attack a judgment." *Church at Warren v. Warzala*, 11th Dist.

19

Trumbull No. 2016-T-0073, 2017-Ohio-6947, ¶ 17, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, paragraphs two and three of the syllabus.

{¶83} "'It is well-settled that only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation.'" *Viking & Worthington Steel Ents., L.L.C. v. James*, 11th Dist. Geauga No. 2010-G-2971, 2011-Ohio-1714, ¶ 43, citing *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 176, 492 N.E.2d 426. "'[A] plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation.' [*Adair,*] at 178; *Matheny v. Ohio Bancorp,* 11th Dist. No. 94-T–5022, 1994 Ohio App. LEXIS 6007, at *4, 1994 WL 738734." *Id.*

{¶84} Leonard, rather than CMLH, filed a direct action against RATR which "requires an injury directly to the complaining shareholder." *Crosby v. Beam,* 47 Ohio St.3d 105, 108, 548 N.E.2d 217 (1989). Leonard was never a shareholder of RATR, a company owned by Alec and his mother, Lisa Rohaley. RATR was not a shareholder of R&S.

{¶85} Factually, R&S was closed for business in October 2016. RATR was established in November of that year. While RATR was a competitor business, Leonard did not suffer any independent injury in any capacity other than in common with all other shareholders of the corporation. As such, Leonard lacked standing to proceed on a direct claim against RATR.

{¶86} Appellants' fifth assignment of error is without merit.

20

Case Nos. 2022-L-118, 2022-L-119, 2022-L-120, 2022-L-121

{¶87} Appellants argue in their sixth and final assignment of error, that the trial court erred in finding that there was no fraudulent transfer.

{¶88} Leonard filed a cross-claim against R&S for fraudulent transfer, and third-party complaints against both RATR and Rohaley. The trial court found no evidence of transfer of assets from R&S to RATR.

{¶89} "'When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review.'" *Ultimate Salon & Spa, Inc. v. Legends Construction Group*, 11th Dist. No. 2018-L-072, 2019-Ohio-2506, 139 N.E.3d 445, ¶ 30, citing *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga, 2014-Ohio-2071, 11 N.E.3d 739, ¶ 89 (Citations omitted). "'A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.'" *Id.,* citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984).

{¶90} R.C. 1336.04(A)(1) provides:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; * * *."

{¶91} To succeed on a claim of fraudulent transfer pursuant to R.C. 1336.04)(1), plaintiffs must prove: "(1) the transfer of an asset or the incurrence of a new debt; (2) done with actual intent to defraud, hinder, or delay; and (3) present or future creditors." *Fade v. Morris*, 11th Dist. Ashtabula No. 2015-A-0009, 2015-Ohio-5337, ¶ 28-29, citing *Brown Bark II, L.P. v. Coakley*, 188 Ohio App.3d 179, 934 N.E.2d 991, 2010-Ohio-3023, ¶ 10

21

(10th Dist.2010). When determining actual intent to hinder, delay, or defraud a creditor of the debtor, consideration may be given to all relevant factors as set forth in R.C. 1336.04(B), including, but not limited to, the following:

> (1)     Whether the transfer or obligation was to an insider;
>
> (2)     Whether the debtor retained possession or control of the property transferred after the transfer;
>
> (3)     Whether the transfer or obligation was disclosed or concealed;
>
> (4)     Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;
>
> (5)     Whether the transfer was of substantially all of the assets of the debtor;
>
> (6)     Whether the debtor absconded;
>
> (7)     Whether the debtor removed or concealed assets;
>
> (8)     Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
> (9)     Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
> (10)    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;
>
> (11)    Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

{¶92} Leonard argues that Judge Lucci was bound by Judge Collins's findings regarding a violation of the preliminary injunction on December 26, 2016. It is uncontested and apparent from the record that Rohaley violated the terms of the preliminary injunction.

Rohaley was found in contempt. As stated above and as addressed in the fourth assignment of error, Judge Collins made no findings as to the merits of Leonard's claims which were brought August 28, 2017, as to RATR, and February 6, 2018 as to Rohaley, well after Judge Collins's order.

{¶93} Leonard personally brought the claims against RATR and Rohaley. The trial court determined that Leonard was not a creditor of RATR or Rohaley and concluded that none of the factors contained in R.C. 1136.04(B) supported a fraudulent transfer claim in this case.

{¶94} Specifically, a review of record supports that there was no evidence submitted at trial that any inventory, parts, or tools were transferred from R&S to RATR. The trial court noted:

> As is customary in the auto repair business, the mechanics employed by [R&S] owned most of the tools they used for automotive repair. In fact, virtually all of the tools on the premises of [R&S] were owned by, belonged to, and were removed by the individual mechanics who worked there. Any items and equipment owned by [R&S] were left at the premises by [Rohaley], Alec, and the other employees when the company ceased operations in October 2016. * * *
>
> Alec borrowed money to purchase new tools and to rent other necessary equipment when he opened RATR. No equipment, parts, or tools owned by [R&S] were ever taken, transferred to, or used by RATR. Further, at no time did Leonard, his company, or any of his attorneys request to enter and inspect RATR to determine whether any equipment, parts, or tools claimed to be owned by [R&S] were located at, or being used by, RATR

{¶95} Leonard testified at the trial and was unable to provide any proof, beyond speculation, that parts, tools, inventory, or equipment belonging to R&S was transferred to RATR by either Alec or Rohaley. Alec and Rohaley both testified and denied

23

transferring any of R&S property to RATR.  Upon review, this Court finds that Leonard failed to meet his burden of proof to establish a claim of fraudulent transfer.

{¶96}  Therefore, judgments in favor of RATR and Rohaley as to the fraudulent transfer claim were appropriate and consistent with the manifest weight of the evidence. As such, appellants final assignment of error is without merit.

{¶97}  For the reasons set forth above, the decisions of the Lake County Court of Common Pleas are hereby affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.