[Cite as *State v. Stills*, 2025-Ohio-2307.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>RYAN K. STILLS,<br><br>Defendant-Appellant. | CASE NO. 2025-L-046<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2021 CR 000943 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Appeal dismissed

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ryan K. Stills*, pro se, PID# 2025001245, Lake County Adult Detention Facility, 104 East Erie Street, Painesville, OH 44077 (Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}  Pending before this court are the April 29, 2025 notice of appeal of appellant, Ryan K. Stills, along with an "Emergency Notice of Appeal and Motion for Stay of Execution Pending Appeal," appellee's motion to strike the notice of appeal and motion for stay, and appellant's objection to appellee's motion to strike.

{¶2}  The notice of appeal indicates that appellant wishes to appeal from orders issued in Lake County C.P. Case No. 2021 CR 000943.  However, the notice of appeal was not signed by appellant, but was signed by someone else who is not an attorney.

**{¶3}** "The original of every . . . document filed with this court shall be signed by an attorney representing the party on whose behalf the document is filed." Loc.R. 4(A). Further, only a licensed attorney may file pleadings on behalf of another party in court. R.C. 4705.01; *Karnofel v. Montgomery*, 2009-Ohio-6037, ¶ 15-16 (11th Dist.); *see also Kessler v. Totus Tuus, L.L.C.*, 2009-Ohio-1147 (11th Dist.). When a party is not represented by counsel, Loc.R. 4(A) requires the party to sign his or her own name on all pleadings.

**{¶4}** The April 29, 2025 notice of appeal and motion for stay were not signed by appellant or a licensed attorney. Instead, the filings were signed by appellant's wife, Kathryn Khan Stills, who, despite the claim that she is acting under a valid power of attorney, is not an attorney. *Ohio State Bar Assn. v. Jackim*, 2009-Ohio-309, ¶ 7 ("[a] durable power of attorney, naming a non-attorney as one's agent and attorney-in-fact, does not permit that person to prepare and pursue legal filings and proceedings as an attorney-at-law") (citation omitted).

**{¶5}** Appellant has not submitted a notice of appeal signed by either a licensed attorney or himself.

**{¶6}** Accordingly, appellee's motion to strike is granted to the extent that this appeal is hereby dismissed, and all other pending motions are overruled as moot.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-046

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellee's May 2, 2025 motion to strike is granted to the extent that this appeal is hereby dismissed, and all other pending motions are overruled as moot.

Costs to be taxed against appellant.

_____

JUDGE SCOTT LYNCH


_____

PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-046